Court in favor of plaintiff as administrator of the goods, chattels and credits of his deceased wife, in the sum of $16,107.40. The plaintiff and his wife, Amy V. Jenks, were joint owners of an automobile. On October 19, 1940, while the car was being driven by the husband, in which the wife was riding, at the intersection of Corning Hill Road and Route 9-W, a collision occurred between that car and a truck owned by the corporate defendant and driven by the individual defendant. As a result of that collision plaintiff's wife was killed and plaintiff sustained personal injuries. Plaintiff instituted an action individually against the defendants for personal injuries, and also an action as administrator of the goods, chattels and credits of his deceased wife. These actions were tried together and the jury rendered a verdict in favor of the defendants in the individual action of Jenks, and a verdict in his favor as the administrator of his wife in the sum of $20,000. The trial judge reduced this verdict to $15,000. On this appeal appellants contend that the negligence of the husband is imputable to his deceased wife. No question seems to be raised about the negligence of the defendants. The negligence of the husband is not attributable to his wife (*Smith* v. *Clute*, 277 N. Y. 407, and cases there cited). The administrator's recovery for the death of his deceased wife is not dependent on his own negligence or freedom from contributory negligence (*Mc Kay* v. *Syracuse Rapid Transit Ry. Co.*, 208 N. Y. 359). The trial judge was not warranted in setting aside the verdict of $20,000, as found by the jury. Order setting aside verdict reversed on the law and facts and the verdict reinstated. The judgment appealed from is modified by increasing plaintiff's recovery by the sum of $5,000, and as so modified, affirmed with costs to respondent.— Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur. [177 Misc. 240.]

LELIA M. WEMPLE, Appellant, v. FIRESTONE TIRE & RUBBER Co., Respondent.— Appellant has alleged facts in her affidavit which, if sustained, may lead to avoidance of the Statute of Limitations. Her affidavit should be considered in connection with the complaint. (Rules Civ. Prac. rule 108.) The order should be modified so as to permit her to plead over. Order dismissing the complaint modified so as to permit appellant to serve amended complaint within twenty days after the service of an order herein, and as so modified, affirmed, with ten dollars costs to appellant. Hill, P. J., Heffernan, Schenck and Foster, JJ., concur; Crapser, J., dissents.

CHARLES H. STODDARD, as Executor, etc., of JULIA ADELIA ACKER, Deceased, and as Successor in Interest of Said Decedent, Appellant, v. LEROY R. STODDARD and ALICE NIELSEN, Defendants and ALICE NIELSEN, Respondent.— Appeal from an order of Special Term of Supreme Court entered in Warren County clerk's office on June 19, 1942, as amended and resettled by a further order entered on July 14, 1942. The order denied a motion by appellant to set aside a jury's verdict and vacate a judgment entered thereon in the Warren County clerk's office on February 13, 1942, on the ground of surprise and in the furtherance of justice, and for a new trial on the ground of newly discovered evidence. This was the second trial of the action. Order unanimously affirmed, with twenty-five dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Application of HELEN S. ROMER, to Compel an Accounting in the Estate of ANTOINE ROMER, Deceased.— This is an appeal from a decree of the surrogate of Chemung county construing certain provisions of the will of