■ CAMERON ESTATES, INC., Respondent, v. MARY STEGMAIER et al., Appellants.— On the grounds of newly discovered evidence and surprise, appellants moved for a new trial three and one half years after entry of judgment on the decision of the Official Referee before whom the case had been heard and determined on consent, and one year after the Court of Appeals decided the appeal from the modification of the judgment by this court. (*Cameron Estates, Inc.*, v. *Deering*, 308 N. Y. 24.) On the return of appellants' motion the Special Term granted respondent's application to have the motion referred to the Official Referee on the ground that the record was voluminous and that the Official Referee, before whom the case was tried, was best qualified to evaluate the alleged new evidence. The appeal is from an order denying appellants' motion for reargument, granting respondent's application and referring the motion for a new trial to the Official Referee for determination. We shall assume that this order is appealable insofar as it grants respondent's application and refers this motion. Order insofar as it grants respondent's application and refers the motion for a new trial, affirmed, with $10 costs and disbursements. Appellants contend that their motion for a new trial must be heard and decided at Special Term (Civ. Prac. Act, § 552). Under the circumstances shown in this record and, as indicated in appellants' brief, in the trial record, no error was committed when the Special Term decided in the first instance that the motion for a new trial should be referred to and be determined by the Official Referee before whom the action was tried (*Travitzky* v. *Schamroth*, 277 App. Div. 1018; *Travitzky* v. *Schamroth*, N. Y. L. J., Nov. 1, 1949, p. 1074, col. 1; Judiciary Law, §§ 117, 121-a; Civ. Prac. Act, § 464; see, e.g., *Carlovich* v. *Carlovich*, 2 A D 2d 974; *Stoddard* v. *Stoddard*, 37 N. Y. S. 2d 605, affd. 264 App. Div. 980; cf. *People* v. *Cooper*, 158 Misc. 419). Appeal from order insofar as it denies the motion for reargument dismissed, without costs. No appeal lies from an order denying a motion for reargument. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ ALBERT C. EIDELBERG, Appellant, v. CHARLOTTE KESTENBAUM et al., Respondents.— In an action by a vendee to compel specific performance of a contract for the purchase and sale of real property, to rescind the transfer of said real property and direct a reconveyance thereof, and to recover money damages, the appeal is from an order granting a motion for summary judgment dismissing the complaint and from the judgment entered thereon. Order and judgment unanimously affirmed, without costs and without prejudice to any rights appellant may have with respect to the deposit of $3,000, the return of which was heretofore tendered. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. [See *post*, p. 710.]