CAMERON ESTATES, INC., Appellant and Respondent, *v.* GEORGE T. DEERING et al., Defendants; MARY STEGMAIER et al., Appellants, and COUNTY OF SUFFOLK, Respondent.

Argued May 18, 1954; decided December 2, 1954.

*Clarence F. Corner* and *Frederick Weisbrod* for Cameron Estates, Inc., appellant. I. The County Treasurer of Suffolk County was without power to hold the tax sales resulting in the two deeds. (*Gulf States Land & Improvement Co. v. Wade,* 51 La. Ann. 251; *Dodd* v. *Boenig,* 114 Misc. 144, 198 App. Div. 1007; *Jackson* v. *Morse,* 18 Johns. 441; *National Bank of Chemung* v. *City of Elmira,* 53 N. Y. 49.) II. The tax deeds to the County of Suffolk are nullities. (*Nypen Corp.* v. *Sechrist,* 138 Pa. Super. Ct. 361; *Dodd* v. *Boenig,* 114 Misc. 144, 198 App. Div. 1007; *Stehl* v. *Boenig,* 198 App. Div. 1007; *Middle Is. Land & Water Co.* v. *Hutner,* 259 App. Div. 294; *Parsons* v. *Parker,* 80 Hun 281.) III. The two tax deeds to the County of Suffolk being nullities, their recording could not and did not set any Statute of Limitations running. (*Matter of Kantor* [*Hutner*], 280 App. Div. 605; *Noble* v. *Union Riv. Logging R. R.,* 147 U. S. 165; *Joslyn* v. *Pulver,* 59 Hun 129; *Joslyn* v. *Rockwell,* 128 N. Y. 334; *Campbell* v. *City of Plymouth,* 293 Mich. 84; *Warren* v. *Indiana Tel. Co.,* 217 Ind. 93; *Bryan* v. *McGurk,* 200 N. Y. 332; *People* v. *Inman,* 197 N. Y. 200.) IV. The tax deeds of the County of Suffolk are a cloud on plaintiff's title and should be removed. (*Clark* v. *Davenport,* 95 N. Y. 477; *Rich* v. *Braxton,* 158 U. S. 375; *Trumbull* v. *Palmer,* 104 App. Div. 51; *Ford* v. *Clendenin,* 215 N. Y. 10.)

*Robert P. Schur, County Attorney,* for Suffolk County, respondent. I. Section 53 of the Suffolk County Tax Act is a valid Statute of Limitations and by its terms no attack may be made upon a tax deed six years after the date of its recording. (*Matter of Kantor* [*Hutner*], 280 App. Div. 605; *People* v. *Turner,* 117 N. Y. 227, 145 N. Y. 451; *Turner* v. *New York,* 168 U. S. 90; *Barrett* v. *Holmes,* 102 U. S. 651; *Bardon* v. *Land &*

*Riv. Improvement Co.,* 157 U. S. 327; *Halsted* v. *Silberstein,* 196 N. Y. 1; *Meigs* v. *Roberts,* 162 N. Y. 371; *Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748; *Dunkum* v. *Maceck Bldg. Corp.,* 256 N. Y. 275; *Robbins* v. *Abrew,* 275 N. Y. 233; *Shea* v. *Campbell,* 71 Misc. 222; *Zinner* v. *Palmer,* 272 App. Div. 518; *Matter of Restal Realty Corp.* v. *De Bur Realty Co.,* 228 App. Div. 835, 255 N. Y. 544.) II. The cases cited by appellant are not in point. (*Dodd* v. *Boenig,* 11 Misc. 144, 198 App. Div. 1007; *Ensign* v. *Barse,* 107 N. Y. 329; *People ex rel. McGuinness* v. *Lewis,* 127 App. Div. 107; *People ex rel. Boenig* v. *Hegeman,* 220 N. Y. 118; *People ex rel. Wright* v. *Chapin,* 104 N. Y. 369; *Joslyn* v. *Rockwell,* 128 N. Y. 334; *Wallace* v. *McEchron,* 176 N. Y. 424; *Shea* v. *Campbell,* 71 Misc. 222; *People* v. *Inman,* 197 N. Y. 200; *Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287; *Glennan* v. *Rochester Trust & Safe Deposit Co.,* 209 N. Y. 12.)

*Joseph T. Losee* for Mary Stegmaier and others, appellants. I. The third amended complaint is fatally defective and should have been dismissed. (*Queensboro Improvement Co.* v. *Dean,* 175 Misc. 655, 259 App. Div. 911; *Higbee* v. *Schwartz,* 184 Misc. 421; *Wolf* v. *Furie,* 270 App. Div. 939; *Jennings* v. *Perkins,* 277 App. Div. 1143; *Merritt* v. *Village of Portchester,* 71 N. Y. 309; *Austin* v. *Goodrich,* 49 N. Y. 266; *Lewis* v. *Howe,* 174 N. Y. 340; *Pure Strains Farm Co.* v. *Smith,* 99 Misc. 108; *Shepard* v. *Kusch,* 89 Misc. 112; *Long Is. Land Research Bur.* v. *Town of Hempstead,* 203 Misc. 619, 283 App. Div. 663.) II. The boundary line between the Fleming or Jersey lot and land formerly of John B. Stirling is as shown on all maps as the old or west line dividing the Town of Islip and Winthrop Patent. (*Pruner* v. *Brisbin,* 98 Pa. 202; *O'Banion* v. *Goodrich,* 23 Ky. L. Rep. 313; *Townsend* v. *Hayt,* 51 Barb. 334; *Jackson* v. *Smith,* 9 Johns. 100; *Voorhees* v. *De Myer,* 3 Sandf. Ch. 614; *New York Central & H. R. R. R. Co.* v. *Brennan,* 24 App. Div. 343, 163 N. Y. 584; *Donohue* v. *Whitney,* 133 N. Y. 178.) III. Location of lines between parties and Map 597 warrant dismissal of complaint and judgment for defendants. IV. The title to the John B. Stirling property is good by adverse possession. (*Northport Real Estate & Improvement Co.* v. *Hendrickson,* 139 N. Y. 440;

*Clark Realty Co.* v. *Harris,* 253 App. Div. 325; *Hunt* v. *Johnson,* 19 N. Y. 279; *Miner* v. *Mayor of City of N. Y.,* 5 Jones & Sp. 171; *Katz* v. *Kaiser,* 154 N. Y. 294; *Sherman* v. *Kane,* 86 N. Y. 57; *Reed* v. *Farr,* 35 N. Y. 113; *Baldwin* v. *Brown,* 16 N. Y. 359; *Donohue* v. *Whitney,* 133 N. Y. 178; *Thompson* v. *Burhans,* 61 N. Y. 52.) V. The complaint should be dismissed as against defendant Mary Stegmaier. VI. The court erred in both accepting and rejecting evidence against the claims of the defendants-appellants. (*Carruthers* v. *Waite Mining Co.,* 306 N. Y. 136; *McKinnon* v. *Bliss,* 21 N. Y. 206; *Roe* v. *Strong,* 119 N. Y. 316; *Shinnecock Hills & Peconic Bay Realty Co.* v. *Aldrich,* 132 App. Div. 118.) VII. The tax titles involved in this action are defective and void. (*Olds* v. *City of Jamestown,* 280 N. Y. 281; *Seafire, Inc.,* v. *Ackerson,* 193 Misc. 965, 275 App. Div. 717, 302 N. Y. 668.)

*Clarence F. Corner* and *Frederick Weisbrod* for Cameron Estates, Inc., respondent. I. The third amended complaint is not before this court. (*Cameron Estates* v. *Deering,* 279 App. Div. 592; *Kolber* v. *Kolber,* 267 App. Div. 837; *Waterman* v. *Marpet,* 281 App. Div. 896.) II. The fourth amended complaint states a cause of action. (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472; *39th–40th Corp.* v. *Port of N. Y. Authority,* 188 Misc. 657; *Dime Sav. Bank of Brooklyn* v. *Butler,* 167 App. Div. 257, 215 N. Y. 708; *Philips* v. *Rome, Watertown & Ogdensburg R. R. Co.,* 55 Hun 612, 128 N. Y. 578; *Wainwright & Page* v. *Burr & McAuley,* 272 N. Y. 130; *Reese* v. *Associated Ind. Corp.,* 266 App. Div. 862; *Cornehlsen* v. *Dudensing,* 270 App. Div. 1037.) III. The easterly boundary line of plaintiff's property is located on the town line between Islip and Brookhaven and which line runs due north meridian. (*Lyons Holding Corp.* v. *Home Tit. Ins. Co.,* 250 App. Div. 640.) IV. Defendant Stirling and those claiming title through Stirling have proved no title by adverse possession. (*Jackson* v. *Woodruff,* 1 Cow. 274; *Pope* v. *Hanmer,* 74 N. Y. 240; *Staples* v. *Schnackenberg,* 148 App. Div. 161; *Smith* v. *Reich,* 80 Hun 287, 151 N. Y. 642; *Mission of Immaculate Virgin* v. *Cronin,* 143 N. Y. 524; *Voight* v. *Meyer,* 42 App. Div. 350; *Wiechers* v. *McCormick,* 122 App. Div. 860; *Price* v. *Brown,* 101 N. Y. 669.)

DYE, J. Appeals are taken herein from a judgment of modification entered on the order of the Appellate Division, Second Department. The defendants-appellants appeal from so much thereof as unanimously affirmed the judgment of the Supreme Court, Suffolk County, fixing the boundaries of the plaintiff's property as claimed by it, and purports to bring up for review two intermediate orders entered in Suffolk County, one of which denied a motion by defendants for judgment on the pleadings on the ground that the third amended complaint did not state facts sufficient to constitute a cause of action and the other of which denied a cross motion for leave to amend the third amended complaint, without prejudice.

The plaintiff-appellant appeals from so much of the aforesaid judgment as upheld the validity of the Suffolk County tax sale for unpaid taxes of a portion of plaintiff's property. The appeals having been taken as of right from a judgment of modification are properly here (Civ. Prac. Act, § 588, subd. 1, par. [c], now subd. 1, par. [b], cl. [ii]).

The plaintiff, as owner of a 560-acre tract of land situate in the town of Islip, Suffolk County, New York, brought this action to bar claims of others thereto and to remove any cloud thereon (Real Property Law, art. 15). Following a trial of the issues before Honorable MEIER STEINBRINK, Official Referee, ultimate findings of fact were made in favor of plaintiff and judgment rendered as prayed for in the complaint, the effect of which was to bar all other claims and declare plaintiff had a good title in fee simple to the lands within the claimed boundaries of the property, and that " the tax titles claimed by the County of Suffolk are void as to any land within the boundaries of ' plaintiff's property.' "

Upon appeal to the Appellate Division, Second Department, that court modified the aforesaid judgment entered in the Supreme Court, Suffolk County, by reversing so much thereof as held the Suffolk County tax title null and void and otherwise unanimously affirmed on the ground that the overwhelming weight of evidence establishes that the boundaries of the plaintiff's property are as claimed by it (cf. *Lyons Holding Corp.* v. *Home Tit. Ins. Co.*, 250 App. Div. 640). We are all agreed that on this latter aspect the case has been properly decided and should be affirmed.

The modification in the Appellate Division operated to " except and exclude from the parcel owned by plaintiff the property conveyed to defendant, County of Suffolk, by the tax deeds recorded February 5, 1936, and February 11, 1937 ". In so deciding, the lower court read section 53 of the Suffolk County Tax Act (added by L. 1929, ch. 152, as amd. by L. 1941, ch. 140) as a valid Statute of Limitations, barring the assertion by the plaintiff of jurisdictional defects leading to the tax sale as to the two deeds recorded six years or more prior to the commencement of the action (*Cameron Estates* v. *Deering,* 281 App. Div. 985). In so ruling, the Appellate Division erred as a matter of law.

At the trial the plaintiff contended that the tax sales had not been lawfully conducted, were void for double assessment, first, as part of its entire tract upon which all taxes levied and assessed against the plaintiff had been paid and again, as separate portions of the same tract, against strangers to the title for non-payment of which in the same years in which plaintiff had paid on the tract as a whole the sales were held, and for other reasons addressed to procedural noncompliance such as improper publication, insufficient notice by the collector of taxes and posting. The Referee found as a fact, which the Appellate Division affirmed, and which the parties concede, that the plaintiff has " paid all of the taxes which have been assessed by the Town of Islip against ' plaintiff's property ' " and that " All of the taxes which were assessed against the lots so sold at tax sales * * * were paid by the plaintiff or its predecessors in title upon all the premises which lie within the boundaries of ' plaintiff's property ' " (Findings Nos. 83, 88) and found as a conclusion of law that " The tax titles claimed by the County of Suffolk are void as to any land within the boundaries of ' plaintiff's property.' " (Conclusion No. 7), the rationale being that noncompliance with statutory mandates constituted a jurisdictional defect rendering attempted sale null and void (*Seafire, Inc.,* v. *Ackerson,* 193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668) and that " therefore, the statute of limitation could not commence to run." Insofar as pertinent, section 53 of the Suffolk County Tax Act provides: " Every such conveyance shall be attested by the county treasurer and the seal of the county treasurer attached thereto, and when so executed shall be presumptive evidence that the sale was regular, and

also presumptive evidence that all proceedings prior to the sale, *including the assessment of the lands sold,* and all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and according to law. After *six years* from the date of record of any such conveyance in the Suffolk county clerk's office, such presumption shall be conclusive.'' (Emphasis supplied.)

Suffolk County stresses the recent Appellate Division case (*Matter of Kantor [Hutner]*, 280 App. Div. 605), relied on in the court below, as authority for construing section 53 as a Statute of Limitations and not as a curative act. *Matter of Kantor (Hutner)*, however, is distinguishable. There the property had been sold for *nonpayment* of taxes. In conducting the sale posting procedure was not followed, rendering the sale jurisdictionally defective (cf. *Seafire, Inc.* v. *Ackerson, supra*), but such defect was barred as a defense to a Torrens law registration proceeding (Real Property Law, art. 12, § 370 *et seq.*) as not timely raised within the provisions of section 53, thus applying the same principle enunciated in *People* v. *Turner* (117 N. Y. 227; 145 N. Y. 451, affd. *sub nom. Turner* v. *New York,* 168 U. S. 90) involving the conclusiveness of a presumption of legality in proceedings by a State comptroller after two years (see, also, *Barrett* v. *Holmes,* 102 U. S. 651; *Bardon* v. *Land & Riv. Improvement Co.,* 157 U. S. 327).

There is a vast difference between a tax deed *voidable* for irregularity in the proceedings and a tax deed *void* because the proceedings were a nullity due to prior payment of the tax. A Statute of Limitations ordinarily does not start to run until the right sought to be barred has accrued (*Lawrence* v. *Trustees of Leake & Watts Orphan House,* 2 Denio 577) or in a situation like the present, when the party has a right to apply to the proper tribunal for relief (*Halsted* v. *Silberstein,* 196 N. Y. 1; 53 C. J. S., Limitations of Actions, § 4, par. g).

Here the right to sell the plaintiff's property in foreclosure proceedings for nonpayment of the taxes never existed. Delinquency in payment of the taxes is a condition precedent to the commencement of such a proceeding and when paid, the right to foreclose for nonpayment ceases (*Joslyn* v. *Rockwell,* 128 N. Y. 334). The plaintiff was not made a party to such wrongfully taken proceeding and may not now be penalized for failing to

assert his true ownership within six years from the recording of the void tax deed. Such recording was a nullity and did not set the statute running at all (*People* v. *Inman*, 197 N. Y. 200). The holding in *Bryan* v. *McGurk* (200 N. Y. 332), relied on in the Appellate Division, as we read it, was wrongly applied when they held that the limitation of section 53 related to void deeds. A Statute of Limitations is one of repose designed to put an end to stale claims and was never intended to compel resort to legal remedies by one who is in complete enjoyment of all he claims (Cooley on Constitutional Limitations, p. 366), nor may it be used to transfer property from the true owner to a stranger simply because the void tax deed was not challenged within six years from the date of recording (*Cromwell* v. *MacLean*, 123 N. Y. 474). Courts in sister States have applied the same principle (*Campbell* v. *City of Plymouth*, 293 Mich. 84; *Warren* v. *Indiana Tel. Co.*, 217 Ind. 93) which is reflected by leading text writers (3 Cooley on Taxation [4th ed.], § 1382; Blackwell on Tax Titles [5th ed.], § 155, and Burroughs on Taxation, p. 301).

The logic of such a view is inescapably correct, for otherwise the recording of the deed resulting from such a proceeding would transform the owner's absolute title in fee simple into a right of action only, the exercise of which is subject to time limitation. The tax deeds constituted a cloud on plaintiff's title which should be removed. When void tax deeds are attempted to be made prima facie evidence of the regularity of the proceedings, equity will interfere to permit removal as a cloud on title (*Rich* v. *Braxton*, 158 U. S. 375; *Clark* v. *Davenport*, 95 N. Y. 477; *Trumbull* v. *Palmer*, 104 App. Div. 51) which right may be invoked by the owner in possession at any time as " such a right is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise." (*Ford* v. *Clendenin*, 215 N. Y. 10, 16.)

Nonpayment being of the essence for the invoking of tax sale proceedings, no one can quarrel with the rationale of the *Kantor* case (*supra*), but as we have said, there is a difference between giving effect to the presumption created by section 53 to a tax deed voidable for failure to comply with mandatory procedural requirements in a properly initiated proceeding (cf. *Seafire* case, *supra*) and a tax deed that is wholly void because the right to initiate the proceeding never existed.

The judgment appealed from should be modified by reversing so much thereof as excepted and excluded from the parcel owned by the plaintiff the property conveyed to the defendant County of Suffolk by the tax deeds recorded February 5, 1936, and February 11, 1937, referred to in paragraphs Fifth and Sixth of its answer and, as so modified, affirmed, without costs.

DESMOND, J. (dissenting). From so much of this decision as holds the county's tax title void, I must dissent. I think such a holding misconstrues the Suffolk County Tax Act (§ 53, as added by L. 1929, ch. 152), casts doubt upon the similar State-wide statutes (Tax Law, §§ 131, 132) and is in conflict with numerous controlling New York decisions. The facts are these: plaintiff paid all the taxes assessed against it on its large acreage, but part of that land was (by what now turns out to have been an error) assessed to others also, who filed a sub-division map of that part but failed to pay the taxes assessed for 1936–37 against some of the sublots. Those erroneously assessed, and duplicating, unpaid taxes were sold to the county which, more than six years before this suit was started, took and recorded tax deeds, of the lots. It is undisputed: first, that this was a "double assessment" situation, and, second, that the erroneous (or "void", if you will) additional taxes were never paid. But, as we shall see, the law of New York is plain and clear that the passage of the time fixed by an appropriate Statute of Limitations, such as is applicable here and which creates a conclusive presumption of validity (contra the actual fact of nonvalidity) puts such a tax title beyond dispute (*Mongaup Valley Co.* v. *Orange Rod & Gun Club*, 253 App. Div. 465, affd. 280 N. Y. 582; *Doud* v. *Boenig*, 114 Misc. 148, affd. 198 App. Div. 1007; *Doud* v. *Huntington Hebrew Congregation*, 178 App. Div. 748, cited with approval in *Dunkum* v. *Maceck Bldg. Corp.*, 256 N. Y. 275, 285, and *Helterline* v. *People*, 295 N. Y. 245, 251; and see *Case* v. *Loomis Talc Corp.*, 265 App. Div. 296).

The statute directly applicable here is section 53 of the Suffolk County Tax Act (added by L. 1929, ch. 152) reading thus: "Every such conveyance shall be attested by the county treas-urer and the seal of the county treasurer attached thereto, and when so executed shall be presumptive evidence that the sale was regular, and also presumptive evidence that all proceedings prior to the sale, including the assessment of the lands sold, and

all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and according to law. After six years from the date of record of any such conveyance in the Suffolk county clerk's office, such presumption shall be conclusive.'' It cannot possibly be denied that what we have here is a mistake in assessing, and so, with the expiration of the required time after the recording of the deed, the law, by its precise terms, stepped in to forbid any further claim based on that error.

We pointed out above that this was not a case of lands being sold for supposed default as to taxes actually paid. We are not suggesting, however, that the result would be different, had the duplicate taxes all been paid. Whatever doubts or confusion there may have been in the older decision (such as *Joslyn* v. *Rockwell*, 128 N. Y. 334), it is now as settled as anything can be, that a Statute of Limitations, like the one we are construing here, '' will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right '' (*Meigs* v. *Roberts*, 162 N. Y. 371, 377, 378; *Dunkum* v. *Maceck Bldg. Corp., supra*, p. 285). In *People* v. *Inman* (197 N. Y. 200), the statute therein discussed was held ineffective as a bar to the former owner's rights because, in operation, it had given him no period of time in which to assert those rights (see, similarly, *Ensign* v. *Barse*, 107 N. Y. 329; *Wallace* v. *McEchron*, 176 N. Y. 424; *Helterline* v. *People, supra*). But *Inman* cites, with approval, *Meigs* v. *Roberts* (*supra*) and is further authority for the proposition, long ago accepted in our State but now, apparently, put at hazard again, that a statute like section 53 of the Suffolk County Tax Act cuts off, after due time has elapsed, the right which formerly existed to prove that the tax sold had been jurisdictionally, or otherwise, defective. It is true that the *Joslyn* case (*supra*) refused to apply an 1885 statute so as to silence an owner's assertion that taxes purportedly sold had really been previously paid, but, as carefully pointed out by the Supreme Court in *Saranac Land & Timber Co.* v. *Comptroller of N. Y.* (177 U. S. 318, 330), the *Joslyn* case, and other old New York cases pass on the effects of *curative statutes* only, and do not deny that a *Statute of Limitations*, like section 53 (*supra*), may validly cover jurisdictional, as well as procedural defects in assessment, sale, etc. In *Bryan*

v. *McGurk* (200 N. Y. 332), where the sold taxes had really been paid, the limitation was not enforced, but only because the court thought that the attempt to start the statute running from the date of delivery (not from the recording as here) of the tax deed resulted in a failure to give the owner notice (see *Peterson* v. *Martino,* 210 N. Y. 412). But the *Bryan* opinion itself contains a carefully stated dictum (p. 339) that the limitation would start running on the recording of the tax deed or possession by the grantee, and contains the flat statement (p. 335) that " in the operation of a statute of limitations, otherwise valid, there is no difference in its effect on jurisdictional defects or on irregularities " (and see the similar 1917 dictum in *People ex rel. Boenig* v. *Hegeman,* 220 N. Y. 118, 121). Indeed, the general New York tax statute (Tax Law, § 132), on which we do not rely here, deals with proceedings to cancel taxes and sales " by reason of the payment of such taxes  *  *  *  or by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds " and requires such proceedings to be brought within five years from the end of the redemption period. From all of this, it follows that these Statutes of Limitation operate against " jurisdictional " defects in taxing procedures, and operate conclusively in spite of facts that make the whole tax " void ", such as the fact of payment. It is no answer that the tax was paid, or that the sales procedures were basically defective, any more than it is an answer to a claim of adverse possession that the possession was wholly without right. It is at least historically interesting that, as long ago as 1845, the Court for the Correction of Errors, while ruling that an 1816 statute's conclusive presumption covered only sale procedures, recognized that a properly drawn law could have the same effect on proceedings prior to sale (*Striker* v. *Kelly,* 2 Denio 323, 330, 331).

Since the land here involved was vacant, we see no necessity for discussing the authorities which say or suggest that as to occupied realty the limitations period may not commence until some hostile act by the tax vendee (see *Meigs* v. *Roberts, supra; Halsted* v. *Silberstein,* 196 N. Y. 1).

There is a public policy, based on concepts of natural justice, safeguarding a citizen's property from sale for taxes, except on due notice and on compliance with carefully stated procedural

requirements. But there is another equally strong public policy, set out in statutes whose meaning was long ago settled by the courts, that tax deeds should, after a fixed time, be forever immune from attack. The decision now being announced in this case throws doubt and confusion onto great numbers of such titles.

The judgment should be affirmed, with costs.

LEWIS, Ch. J., CONWAY, FULD, FROESSEL and VAN VOORHIS, JJ., concur with DYE, J.; DESMOND, J., dissents in opinion.

Judgment accordingly.