GEORGE F. WEAVER SONS COMPANY, Appellant, *v.* FRANK BURGESS, Respondent, et al., Defendant.

Fourth Department, February 5, 1959.

*Foley, Callanen & Foley (Arthur J. Foley, Jr.,* of counsel), for appellant.

*Evans, Pirnie & Burdick (Leonard W. Burdick* of counsel), for respondent.

*Per Curiam.* On July 17, 1941, the plaintiff filed a petition as a debtor in a chapter 10 reorganization proceeding (U. S. Code, tit. 11, ch. 10) in the United States District Court. The District Court issued an order enjoining and restraining all persons claiming any right or lien in or to the debtor's property from enforcing their liens. A copy of the petition and order was served upon the City of Utica on July 21, 1941. The City of Utica, in 1942 and 1943, commenced in rem foreclosure actions against the property in controversy, pursuant to title 3 of article VII-A of the New York Tax Law, without having obtained from the District Court any consent to the bringing of these actions. Default judgments were entered in the foreclosure proceedings and tax deeds were issued to the city and thereafter, on September 13, 1944, the city conveyed the prop-

erty to the defendant Burgess, by a deed which was recorded on February 1, 1945.

The chapter 10 reorganization proceedings were terminated by order of the District Court on January 12, 1952. The present action was commenced on July 16, 1956, to cancel and declare void the deeds to the city and from the city to Burgess as clouds upon the plaintiff's title. We are all in agreement that the foreclosure proceedings were void and that the deeds were invalid at the time that they were delivered because of the failure of the city to obtain the consent of the Federal court to the bringing of the foreclosure proceedings. The property was in the exclusive custody of the Federal court and no proceeding affecting the title thereto could be maintained in any other court without the consent of the Federal court (*Isaacs* v. *Hobbs Tie & Timber Co.*, 282 U. S. 734; *Dayton* v. *Pueblo County*, 241 U. S. 588). It is clear from the cases cited and from the legion of cases following them that the New York courts had no jurisdiction to entertain the foreclosure proceeding and that the judgment and the deeds delivered pursuant thereto were wholly void for want of jurisdiction.

It was nevertheless held by the court below that the present action was barred under subdivision 7 of section 165-h of the Tax Law by reason of the fact that more than two years had elapsed from the date of the recording of the deeds and more than six months had elapsed from the date of the effectiveness of the statute. The court accordingly dismissed the complaint upon a motion under rule 107 of the Rules of Civil Practice.

Subdivision 7 of section 165-h was added by chapter 743 of the Laws of 1948 and went into effect April 3, 1948 and reads as follows: "Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the record of such deed, the presumption shall be conclusive, unless at the time that this subdivision takes effect the two-year period since the record of the deed has expired or less than six months of such period of two years remains unexpired, in which case the presumption shall become conclusive six months after this subdivision takes effect. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive as aforesaid."

We are of the opinion that the motion to dismiss should have been denied. Subdivision 7 of section 165-h is applicable only to defects, including jurisdictional defects, in the course of the foreclosure action or proceeding. It has no bearing upon an action or proceeding which was void from the beginning, which the city had no right to institute in the first place and which the State courts had no jurisdiction to entertain. (*Cameron Estates* v. *Deering,* 308 N. Y. 24.) *Town of Somers* v. *Covey* (2 N Y 2d 250) does not hold anything to the contrary.

The complaint alleges that the plaintiff is still in possession of the property. If this is true, no Statute of Limitations is applicable to the action by the plaintiff to determine its title and to clear the void deeds from the record as clouds upon its title (*Cameron Estates* v. *Deering, supra*; *Ford* v. *Clendenin,* 215 N. Y. 10; *Gifford* v. *Whittemore,* 4 A D 2d 379, 385–386). On the other hand, if it appears upon the trial that the defendants had taken possession of the property at some time prior to the commencement of this action, the 10-year or 15-year Statute of Limitations may have begun to run. The defendants will have an opportunity to plead the Statute of Limitations in their answer.

The order appealed from should be reversed and the motion to dismiss the complaint denied.

GOLDMAN, J. (dissenting). The prevailing opinion is bottomed on the conclusion that the failure of the defendant City of Utica to obtain consent from the United States District Court to institute the foreclosure was a jurisdictional defect which made the proceedings void and therefore the delivery of deeds thereafter was of no legal effect. The learned Special Term Justice fully considered this point but held that notwithstanding this jurisdictional defect the cause of action was barred by subdivision 7 of section 165-h of the Tax Law. I am in complete accord with his determination.

Neither laches nor estoppel is the basis of Justice RINGROSE's opinion even though the present action was not commenced until 13 years after the foreclosure, resulting from an undisputed tax delinquency in a substantial amount. Nor did he find against the plaintiff because it did not bring its action until 8 years after the passage of the pertinent section of the Tax Law and 4½ years after the termination of reorganization proceedings by the District Court. It should also be noted that there is no showing in the record that the plaintiff was under any disability during the period of its reorganization which prevented it from bringing the present action. This opinion,

however, need not be founded upon considerations of equity. Public policy as expressed by the Legislature in subdivision 7 of section 165-h makes tax titles immune from attack either for irregularities or jurisdictional defects after the running of the statutory period provided for in that section. Regardless of the nature or quality of the error in the foreclosure proceedings the statute has effectively removed the remedy to correct the defect. That such is the law in this State was early established by *Meigs* v. *Roberts* (162 N. Y. 371) which fully considered the effect of a provision similar to subdivision 7 of section 165-h when the Court of Appeals, 59 years ago pronounced this principle, from which it has not since retreated, and said (p. 378): "But there may be in legal proceedings defects which are not mere informalities or irregularities, but so vital in their character as to be beyond the help of retrospective legislation; such defects are called jurisdictional. This principle [that curative acts can only validate irregularities] does not apply to the Statute of Limitations, for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right ".

Many cases have followed this principle — that the remedy to correct jurisdictional defects is barred by the provisions of tax statutes which operate as statutes of limitation. (See *Bryan* v. *McGurk*, 200 N. Y. 332; *Dunkum* v. *Maceck Bldg. Corp.*, 256 N. Y. 275; *Robbins* v. *Abrew*, 275 N. Y. 233; *Matter of Kantor* [*Hutner*], 280 App. Div. 605 and cases cited therein at page 608; *Doud* v. *Huntington Hebrew Congregation*, 178 App. Div. 748.)

This court considered this very matter involving one of the individuals connected with the plaintiff corporation in *City of Utica* v. *Weaver* (2 A D 2d 456). There land owned by Weaver individually was sold by the city for nonpayment of taxes. The foreclosure proceedings were attacked as void for jurisdictional defects, viz., notice if given at all was insufficient both in its method of service and in the description of the property, and further that at the time the action was commenced another action for the same relief was pending. Justice WHEELER writing for a unanimous court stated (pp. 458–459): "Where such a statute applies, it is immaterial whether the tax sale is attacked for jurisdictional errors or mere irregularities; if the attack comes too late, it must fail in either event ".

The decision in *Cameron Estates* v. *Deering* (308 N. Y. 24) may appear to establish a distinction between jurisdictional defects and irregularities of lesser degree. In that case it was

discovered after foreclosure and sale that the alleged delinquent tax had been paid and, therefore, the right to sell for nonpayment of taxes never existed. Nowhere in that opinion did the court purport to overrule *Meigs* v. *Roberts* (162 N. Y. 371, *supra*). Rather the court approved in principle the holding in *Matter of Kantor* (*Hutner*) (280 App. Div. 605, *supra*) that section 53 of the Suffolk County Tax Act bars the remedy to correct jurisdictionally defective foreclosures. If it should be conceded *arguendo* that the principle in the *Cameron Estates* case cannot be distinguished from the instant case then that decision was repudiated by that court in its subsequent decision in *Town of Somers* v. *Covey* (2 N Y 2d 250) where the court said in unequivocal language (p. 258): "Our court has not held that the notice prescribed by section 165-a of the Tax Law is sufficient to satisfy the demands of due process in the case of a known incompetent. Our holding is simply that where the deed has been delivered and recorded, an attack on the sufficiency of the notice may be made *only in an action* under subdivision 7 of section 165-h of the Tax Law. * * * The Legislature of the State of New York has seen fit to provide that an action is the method by which a tax deed may be set aside and it may not be presumed to have acted unreasonably in so doing. Therefore, it cannot be argued that the procedure followed by the committee of the incompetent complied with the statutory mandate of subdivision 7 of section 165-h of the Tax Law, which provides that an action may be maintained to set aside the deed within two years."

In my view *Town of Somers* v. *Covey* (*supra*) is compelling and persuasive authority for the proposition that relief under subdivision 7 of section 165-h is exclusive. We have in that case the committee of a known incompetent contending that the notice of foreclosure to the known incompetent was insufficient. The overwhelming force of the *Town of Somers* v. *Covey* decision is emphasized by the fact that the Court of Appeals had two opportunities afforded that court to change the rule there invoked. The United States Supreme Court (351 U. S. 141) remanded the *Town of Somers* v. *Covey* case to the Court of Appeals and once again that court reaffirmed their position that the only method available for attack in an action such as the case at bar is under subdivision 7 of section 165-h. The Court of Appeals said in its decision on the reargument of that case (2 N Y 2d 250, 257–258): "We do not read the opinion of the Supreme Court as a holding that if an in rem proceeding be brought against a known incompetent who has

no committee the default judgment of foreclosure is void and can be attacked at any time after its entry. Were such the case, the state of tax titles and the law of tax foreclosure in New York would be thrown into confusion for lawyers and title companies examining tax titles would never know whether the titles were good or not because they would never know whether some one of the interested parties was a known but unadjudged incompetent. * * * *Our holding is simply that where the deed has been delivered and recorded, an attack on the sufficiency of the notice may be made only in an action under subdivision 7 of section 165-h of the Tax Law.*" (Emphasis supplied.)

This principle was reaffirmed by the denial of the Supreme Court to grant certiorari when an effort was once again made to have it consider this case (354 U. S. 916).

In my view the prevailing opinion places a narrow construction upon what I believe to be plain and unambiguous words of the statute, and asserts that the intent of the Legislature was to bar the remedy where the jurisdictional defect was in the foreclosure action or proceeding. Assuming that so narrow a construction must be placed upon clear and unambiguous terms the result reached is contrary to the construction thus placed upon the statute. The jurisdictional defect was in the foreclosure proceeding by reason of the failure to procure formal consent from the District Court to institute the proceeding.

Surely it is of the utmost importance that purchasers of property once the subject of a tax deed should not be required to buy such property at their peril after the period of limitation has expired. This should be true whether the claimed defect is jurisdictional or otherwise. The position taken does not conflict with the principle that the Legislature cannot validate a void act, but reaffirms the sound principle that the Legislature has the authority to make the transaction immune from attack by simply removing the remedy. This it did by the enactment of subdivision 7 of section 165-h of the Tax Law and for this reason I vote for affirmance of the Special Term order.

All concur, except BASTOW, J., not participating and GOLDMAN, J., who dissents and votes for affirmance in a separate opinion. Present — McCURN, P. J., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Order reversed, without costs of this appeal to any party and motion denied, without costs.