Fuld, J.
 

 The plaintiff Weaver Sons seeks to set aside three deeds, two to the defendant City of Utica and one from the latter to the defendant Burgess. The city, proceeding under the Tax Enforcement Act (Tax Law, former art. VII-A, tit. 3), had instituted in rem tax foreclosure actions against the land of Weaver Sons in 1942 and 1943 and those actions had culminated in the deeds to the city. It is the plaintiff’s thesis that, since at the time of such foreclosure proceedings it was in a corporate reorganization proceeding under chapter X of the Bankruptcy
 
 *175
 
 Act (U. S. Code, tit. 11, ch. 10), no court, other than the federal court in which the reorganization was pending, had jurisdiction to affect title to the land conveyed to the city and from it to Burgess. Both defendants rely upon the Statute of Limitations as a bar, the city by an affirmative defense in its answer, Burgess by a motion to dismiss the complaint (Rules Civ. Prac., rule 107). The court at Special Term granted Burgess’ motion and dismissed the complaint; the Appellate Division reversed, denied the motion and thereafter granted leave to appeal to this court on a certified question.
 

 The facts disclosed may be quickly stated. Weaver Sons filed a petition as debtor in a chapter X reorganization proceeding, and, in June of 1941, the United States District Court for the Northern District of New York approved the petition and issued an order restraining the City of Utica and all other creditors ‘ ‘ from prosecuting any claim, action or proceeding against plaintiff’s property ” without permission of the court. The chapter X proceeding was terminated by dismissal in January of 1952. However, the city in 1942, and again in 1943, without seeking federal court consent or approval, commenced in rem foreclosure actions against the Weaver Sons’ property pursuant to title 3 of article VII-A of our Tax Law. Default judgments were entered; tax deeds were issued to the city and, in September, 1944, the latter conveyed the property to Burgess by a deed recorded in February, 1945.
 

 Since then, since 1945, Burgess has paid taxes on the property, which remained vacant, and expended money for its grading and upkeep. Years passed without word from Weaver Sons as to this property. Indeed, the present action was not begun until July, 1956, 11% years after Burgess had recorded his deed from the city and more than four years after the chapter X proceeding had terminated and Weaver Sons had been restored to its ordinary everyday status.
 

 The tax foreclosure proceedings against Weaver’s property in 1941 and 1942 were concededly defective. Section 111 of chapter X of the Bankruptcy Act (U. S. Code, tit. 11, § 511) provides that “ the court in which a petition [for reorganization] is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and its property wherever located.” And.section 148 (U. S.- Code, tit. 11, § 548), implementing section
 
 *176
 
 Ill, recites that, “ Until otherwise ordered by the judge, an order approving a petition shall operate as a stay * * * of any act or other proceeding to enforce a lien against the debtor’s property.” This latter provision has been held to effect an “ automatic ” stay
 
 (Matter of Maier Brewing Co.,
 
 38 F. Supp. 806, 815), “ one that is self-executing immediately upon the entry of the order approving the reorganization petition ”. (6 Collier, Bankruptcy [14th ed.], p. 1798; see House Hearings on H. R. 6439, 75th Cong., 1st Sess. [1937], p. 141.) It is clear, therefore, that, during the pendency of the reorganization proceeding, the federal court had exclusive jurisdiction, and no other court had the power to make any valid orders affecting the debtor’s property; in consequence, the assets of Weaver Sons were not “ subject to orders of state courts ” and could not be affected by the foreclosure proceedings without the federal court’s permission.
 
 (Doyle
 
 v.
 
 Nemerov’s Executors,
 
 223 F. 2d 54, 56; see
 
 State of Texas
 
 v.
 
 Donoghue,
 
 88 F. 2d 48, 51;
 
 Matter of Beach Resort Hotel Corp.,
 
 141 F. Supp. 537, 544.)
 

 This, however, does not decide the present appeal. We must still consider whether the plaintiff is, nevertheless, barred from asserting the invalidity of the tax foreclosure proceedings by virtue of the applicable New York Statute of Limitations
 
 [1]
 
 and, if so, whether giving such effect to a state enactment violates the supreme law of the land as reflected in the Bankruptcy Act.
 

 Cases considering and applying Statutes of Limitation in tax foreclosure proceedings have been before this court fairly frequently in recent years (see, e.g.,
 
 Town of Somers
 
 v.
 
 Covey,
 
 2 N Y 2d 250;
 
 Werking
 
 v.
 
 Amity Estates, 2
 
 N Y 2d 43;
 
 Cameron Estates
 
 v.
 
 Deering,
 
 308 N. Y. 24;
 
 Helterline
 
 v.
 
 People,
 
 295 N. Y. 245), but they did nothing more than restate the settled rules and principles of earlier decisions. (See, e.g.,
 
 Meigs
 
 v.
 
 Roberts,
 
 
 *177
 
 162 N. Y. 371;
 
 Joslyn
 
 v.
 
 Rockwell,
 
 128 N. Y. 334;
 
 People
 
 v.
 
 Turner,
 
 117 N. Y. 227; 145 N. Y. 451, affd.
 
 sub nom. Turner
 
 v.
 
 New York,
 
 168 U. S. 90.) In these cases, we have differentiated between claims barred by the two-year Statute of Limitations found in our Tax Enforcement Act and those which are not. If, as in
 
 Cameron Estates
 
 v.
 
 Deering
 
 (308 N. Y. 24,
 
 supra),
 
 the taxes have actually been paid, the Statute of Limitations may not be availed of because the very foreclosure proceeding was “ a nullity ” (p. 30; see, also,
 
 Joslyn
 
 v.
 
 Rockwell,
 
 128 N. Y. 334, 340,
 
 supra).
 
 In such cases, it is the nonexistence of the very predicate for bringing the proceeding — namely, nonpayment of taxes — which deprives the holder of a tax deed of the conclusive presumption or the short Statute of Limitations provided for by the Tax Enforcement Act.
 

 It has never been held, however, that every ‘ ‘ jurisdictional defect ” prevents reliance upon such a limitations provision. That view was certainly not expressed, as the Appellate Division in this case apparently thought it was, in
 
 Cameron
 
 (308 N. Y. 24,
 
 supra).
 
 On the contrary, not only did we there say that, although a particular proceeding or sale might have been “ jurisdictionally defective ”, “ such defect [could be] barred as a defense * * * as not timely raised ” (308 N. Y., at p. 30), but we expressly reaffirmed
 
 People
 
 v.
 
 Turner
 
 (117 N. Y. 227,
 
 supra),
 
 in which the court held that the Statute of Limitations could be successfully urged against the claim of a jurisdictional defect. (308 N. Y., at p. 30; see, also,
 
 Town of Somers
 
 v.
 
 Covey,
 
 2 N Y 2d 250, 257-258,
 
 supra; Werking
 
 v.
 
 Amity Estates,
 
 2 N Y 2d 43, 51,
 
 supra; Helterline
 
 v.
 
 People,
 
 295 N. Y. 245, 251,
 
 supra; Meigs
 
 v.
 
 Roberts,
 
 162 N. Y. 371, 378,
 
 supra.)
 

 The claim now advanced by the plaintiff falls under the rule of the
 
 Turner
 
 and
 
 Meigs
 
 cases, not under the rule of
 
 Joslyn
 
 or
 
 Cameron Estates,
 
 since it is based upon a lack of jurisdiction in the tax foreclosure court over the land in question and not upon the absence of a statutory condition precedent to the commencement of the tax foreclosure action itself. In other words, although the judgment in that proceeding was jurisdictionally defective, the two-year Statute of Limitations is, nevertheless, available because, according to the complaint and the affidavits before us, all the conditions precedent for initiating the statutory tax foreclosure suit were met.
 

 
 *178
 
 Having reached this conclusion under New York law,, we are brought to a consideration of the effect or impact of the Federal Bankruptcy Act. ‘1 The States cannot, in the exercise of control over local laws and practice ”, the Supreme Court of the United States has said
 
 (Kalb
 
 v.
 
 Feuerstein,
 
 308 U. S. 433, 439), “ vest state courts with power to violate the supreme law of the land. The Constitution grants Congress exclusive power to regulate bankruptcy and under this power Congress can limit the jurisdiction which courts, state or federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law ’ ’. This same principle applies to corporate reorganizations under chapter X, as well as to ordinary bankruptcy proceedings. (See
 
 Continental Bank
 
 v.
 
 Rock Is. Ry.,
 
 294 U. S. 648, 667-675;
 
 Campbell
 
 v.
 
 Alleghany Corp.,
 
 75 F. 2d 947, 952-953, cert, denied 296 U. S. 581.)
 
 [2]
 

 The problem in this case, as in all cases where the principle of federal supremacy is involved, is to determine the boundary between the federal and state power. In some cases, the line is clear. If, for instance, this court were to hold that the tax foreclosure action, brought against the land of Weaver Sons while it was in reorganization, was jurisdictionally valid, it could not be doubted that such a holding would constitute an illegal disregard of the federal power
 
 (supra,
 
 pp. 175-176). On the other hand, once a chapter X reorganization proceeding has terminated, it is equally clear that state courts are automatically revested with jurisdiction, free to proceed with a tax foreclosure against the debtor. (See
 
 Town of Agawam
 
 v.
 
 Connors,
 
 159 F. 2d 360, 361-362, cert, denied 330 U. S. 845.) There is no authority, however, on the precise issue involved here, the operation of a state Statute of Limitations on rights which accrued to a debtor during the pendency of the cha/pter X reorganization.
 

 Weaver’s right to set aside. Burgess’ tax deed arose in 1945 while it was in chapter X reorganization. It may well be that' paramount federal bankruptcy law requires that New York’s two-year Statute of Limitations be tolled during the pendency of reorganization. Under the facts of this case,
 
 *179
 
 though, we are not called upon to decide this matter, since here, even allowing that the statute did not run during reorganization, Weaver’s action is barred by the time, four and a half years, which intervened after the chapter X reorganization had come to an end. By taking into account only the period following the termination of the reorganization proceeding, it is evident that our holding does not violate any federal law or override any federal policy.
 

 As already intimated, federal jurisdiction over the debtor and its property in a reorganization proceeding continues only until that proceeding is terminated. (See
 
 Town of Agawam
 
 v.
 
 Connors,
 
 159 F. 2d 360, 361-362, cert, denied 330 TI. S. 845,
 
 supra.)
 
 This State cannot be said to impinge on the federal power by insisting that Weaver Sons exercise its right to set aside invalid tax foreclosure deeds within two years of the termination of the federal proceeding. This view is not only consistent with the technical niceties of the law relating to federal-state jurisdiction, but actually reflects a sound balance between the federal interest in rehabilitating a debtor and the state interest in maintaining the stability of tax titles. In this case, Weaver Sons was given an opportunity to put its economic house in order during the pendency of the reorganization over a period of 10 years. However, once reorganization terminated, it was under the necessity of vindicating whatever rights it had under state law in compliance with the state policy expressed in former section 165-h, subdivision 7, of the Tax Law. Its failure to do so bars the present suit.
 

 The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, the order of Special Term reinstated and the question certified answered in the negative.
 

 Chief Judge Conway and Judges Desmond, Dye, Froessel. Van Voorhis and Burke concur.
 

 Order reversed, etc.
 

 [1]
 

 . Former section 165-h, subdivision 7, of the Tax Law, insofar as relevant, read as follows: “ Every deed given pursuant to the provisions of this section shall he presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the record .of such deed, the presumption shall be conclusive * * *. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive as aforesaid.”
 

 [2]
 

 . Although both of the cited cases involved former section 77B, they apply to chapter X of the present Bankruptcy Act, which is derived from section 77B. (See 6 Collier, Bankruptcy [14th ed.], p. 95.)