■ THOMAS J. SICKLER, Respondent, v LOUISE A. DOYLE, Appellant.— Appeal from a judgment of the County Court of Greene County, entered January 9, 1976, upon a verdict rendered at a Trial Term in favor of ·plaintiff. In an action pursuant to article 15 of the Real Property Actions and Proceedings Law, plaintiff established that the County of Greene conveyed the subject parcel of realty to him by deed dated December 27, 1968. The county had purchased the parcel at a tax sale in 1962 for unpaid taxes for the year 1960. Title 1 of article 10 of the Real Property Tax Law authorizes tax sales by a county treasurer for the enforcement of delinquent taxes, and section 1018 authorizes the conveyance by such treasurer of real property so purchased if the same is not redeemed within the prescribed time limits. Subdivision 3 of section 1020 of the Real Property Tax Law provides: "Every such conveyance shall be *presumptive evidence* that the sale and all proceedings prior thereto from and including the assessment of lands sold, and that all notices required by law to be given * * * were regular * * * *After two years* from the date of the record of such conveyance such presumption shall be *conclusive;* provided, however, that any such conveyance shall be subject to cancellation by reason of (a) *the prior payment of the taxes* * * * if application is made to a court * * * *within five years* from the expiration of the period * * * for the redemption of lands sold at the particular sale sought to be cancelled." (Emphasis supplied.) Herein, the tax sale took place in 1962, and the deed into the county was recorded on April 13, 1966. Thus, on April 14, 1968 the presumption of regularity became conclusive. While such conveyance is subject to cancellation where, as alleged by defendant herein, the tax sale was void because such sale was based on nonpayment of taxes which were, in fact, paid, application for such relief must be made within five years from the expiration of the period allowed for redemption. In this case the period for redemption is one year from the date of the tax sale (Real Property Tax Law, § 1010, subd 1), and if we extend this period to three years by reason of defendant's occupancy of the land *(Mosher v La Rose,* 49 AD2d 878), it expired in 1965, three years after the tax sale. Thus, defendant had until 1970 to contest the conveyance (Real Property Tax Law, § 1020, subd 3) upon the ground that the tax sale was based upon the nonpayment of taxes which were, in fact, paid. Defendant's failure to do so removed all exceptions to the conclusive nature of the presumption contained in subdivision 3 of section 1020 of the Real Property Tax Law. Therefore, the county's deed to plaintiff's grantor in December, 1968 is valid and the jury's verdict on plaintiff's first cause of action to determine title to the subject parcel cannot be disturbed.* We must concede, however, that despite defendant's failure to challenge the conveyance upon the ground of prior payment of the taxes within the extended five-year statutory period, she was not precluded from asserting that fact as an affirmative defense in her answer, and had she proved payment of the taxes in 1960, the predicate year for the 1962 county tax sale, the result might be to the contrary. The Court of Appeals in *Cameron Estates v Deering* (308 NY 24), and again in *Kiamesha Development Corp. v Guild Props.* (4 NY2d 378) has stated that the holder of a deed conveying title to realty lost for nonpayment of tax, loses the benefit of the

---

* The jury's verdict of no cause for action on plaintiff's second cause of action for damages for trespass was not appealed.

statutory conclusive presumption, even where application for cancellation is made beyond the statutory time limitation, where the taxes, in fact, have been paid for the predicate year (cf. *Weaver Sons Co. v Burgess,* 7 NY2d 172). Herein, however, the only offer of proof of payment was assessment roll records that, at best, were ambivalent and equivocal and any finding that the subject parcel was doubly assessed for the predicate year 1960, thereby resulting in a double tax payment, would be purely speculative. We conclude that the jury properly rejected such proof as evidence of payment. Judgment affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.