■ JOHN F. McGILLIVRAY et al., Appellants, v E. RUTH NEWMAN, Respondent. — Appeal from an order of the Supreme Court at Trial Term (Conway, J.), entered May 22, 1980 in Ulster County, which, *inter alia,* dismissed the complaint and directed the cancellation of plaintiffs' *lis pendens.* On December 20, 1971, defendant, the record owner of certain premises located in the Village of Phoenicia, Town of Shandaken, Ulster County, upon which she conducted a motel business, entered into agreements with plaintiffs for the sale of the premises and the business. Pursuant to the agreements, plaintiffs made a down payment of $13,000 and entered into possession of the premises. At the closing, scheduled for December 31, 1971, plaintiffs refused to accept title on the basis of certain exceptions noted by the title insurance company from which plaintiffs sought title insurance. Following some discussions among the parties and an offer by defendant to bring an action to clear title, plaintiffs vacated the premises on June 15, 1972, and they commenced this action to recover their down payment and expenses. The premises and the business were subsequently sold on February 14, 1974. The parties stipulated to the facts and Trial Term dismissed the complaint, holding that defendant was at all times ready, willing and able to convey marketable title. This appeal ensued. Plaintiffs contend that there were two basic flaws in the title tendered by defendant. First, they allege that the records of a taking of a portion of the premises for tax purposes in or about 1925 are insufficient to show a proper tax sale and compliance with the statutory requirements. Plaintiffs' contention, however, is foreclosed by the statutory presumption of regularity (Real Property Tax Law, § 1020; see *Sickler v Doyle,* 57 AD2d 1035). In any event, the facts stipulated to by the parties include all of the elements necessary to establish title in the defendant by adverse possession (see RPAPL, §§ 511, 512;

*Goff v Shultis,* 26 NY2d 240). The second flaw in defendant's title asserted by plaintiffs is the existence of a right of way in which the public might have certain rights. The stipulation entered into by the parties, which establishes the following facts, does not support plaintiffs' claim. The right of way, Tremper's Lane, first appears on a map of the lots of W. C. Newton, filed in 1882, and it is shown crossing land adjacent to the parcel subdivided by the map. By deed recorded October 30, 1878, Newton had conveyed this adjoining property to Jacob H. Tremper, Jr. This deed contained no reference to a Tremper's Lane; nor did the map of the lands of Jacob H. Tremper, Jr., filed along with the deed. No conveyance or other instrument in the chain of title out of Tremper contains any reference to Tremper's Lane. Accordingly, it is readily apparent that no title holder of record created Tremper's Lane. The act of Newton when he no longer had any interest in the property could not create a right of way *(French Investing Co. v Jetter,* 270 App Div 1048; see *Stilbell Realty Corp. v Cullen,* 43 AD2d 966). Since the flaws asserted by plaintiffs did not affect defendant's title to the premises, plaintiffs were not justified in refusing to accept title. The order dismissing their complaint must, therefore, be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.