OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of defendant City of Buffalo’s motion for summary judgment. Plaintiff opposes said relief and cross-moves for summary judgment.
Plaintiff commenced an action against named defendants on February 19, 1991, alleging that defendant, City, was negligent in failing to credit a payment of taxes to the correct property which resulted in that property being sold in an in rem sale to defendant, Joe Daressie Associates.
A representative of plaintiff presented herself to City Hall to pay delinquent taxes on the property located at 952 East Delavan Street. It is undisputed that the City, through its agents and employees, misapplied the payment to a parcel owned by Teresita Nunez-Turuel, located at 956 East Delavan Avenue. Because of this error, the subject property was not removed from the foreclosure rolls and was sold to defendant, Daressie, who in turn sold same to a third person.
The City maintains that a negligence action is not the proper remedy in this situation and that plaintiff’s sole remedy is an action for recision of the referee’s deed pursuant to RPTL 1136 (7). Under that statute, an action is to be commenced within two years of the sale, simultaneously with the filing of a notice of pendency in the Erie County Clerk’s office. Neither of those acts occurred in the case at bar. Plaintiff relies on Town of Somers v Covey (2 NY2d 250 [1957]) as authority for its position.
It is plaintiff’s position that the right to sell the property never existed and that the City is liable for the damages as a result of its negligent, unauthorized sale pursuant to the holding in Cameron Estate v Deering (308 NY 24 [1954]).
Defendant, City, seeks to distinguish the Cameron case (supra) on the basis that the plaintiff did not pay all the tax arrears due and owing and that the plaintiff erroneously paid taxes on the incorrect property. In support of that motion, defendant City attached a self-serving affidavit of one of its account clerks stating, "it is the responsibility of the payee for *421 accuracy in requesting payment to be applied to a particular property”. This court cannot overlook the fact that it is the City that is in control of the resources and data to determine the appropriate amount of taxes due on a particular piece of property. A City employee advised plaintiffs representative that the total amount of taxes due was $5,223.09, and that is the amount plaintiffs representative paid to the account clerk of the City of Buffalo. At no time was plaintiff ever advised that the actual amount owing was anything other than what she paid and plaintiffs representative left City Hall with the impression that all delinquent taxes were paid and was told that the property would be taken off the foreclosure rolls.
As stated in Cameron (supra), there is a vast difference between a deed which is voidable for irregularity in the proceedings and a deed that is void because the proceedings were a nullity due to prior payment of the tax. Plaintiff herein paid all the taxes that defendant City warranted were due on the subject property and hence, the right to sell the plaintiffs property in foreclosure proceedings for nonpayment of the taxes never existed. (See, Cameron Estates v Deering, supra, at 30.) Therefore, RPTL 1136 (7) and the Town of Somers (supra) are not applicable to the situation at bar.
In Cameron (supra) the remedy for a void transfer was the reverter back to its true owner. However, in the case at bar, that remedy is no longer available. The property was sold to defendant, Daressie, who added improvements to the property and, thereafter, sold same to a third party. Defendant, Daressie, took title to the property in good faith and without notice of the procedural defect occasioned by the misapplication of funds by defendant, City.
Therefore, summary judgment is granted to defendant, Daressie, who was a bona fide purchaser without notice of any possible claims by plaintiff. Any funds generated by said resale of the subject property are his sole property.
Based on the facts and circumstances presented to this court, and the case law and statutory law, summary judgment is granted to plaintiff against defendant, City of Buffalo, for the negligent misapplications of funds at the time of the original transaction as a matter of law. A hearing on damages shall be held to determine the extent of damages suffered by plaintiff because of the negligence of defendant, City of Buffalo.
*422 Summary judgment is also granted to plaintiff as against defendant, Teresita Nunez-Turuel who has not appeared or answered, for the unjust enrichment occasioned by the misapplication of funds of the City of Buffalo, in the amount of $5,223.09.