The People of the State of New York, Respondent, v John M. Haskell, Appellant. [890 NYS2d 718]—

Stein, J. 

By deed dated December 1, 2005, Dan Neilson conveyed to defendant a landlocked piece of property with a disputed right-of-way for $20,000. Defendant, who was both Town Supervisor for the Town of Thurman, Warren County and the owner of a logging company, then sought to acquire a right-of-way over adjacent Town property in order to obtain access to his property. To accomplish this, the People allege that defendant first improperly* procured the conveyance of a right-of-way to another citizen at the November 2005 Town Board meeting and then used that conveyance as a foundation to acquire his own right-of-way at the December 2005 Town Board meeting. It is undisputed that, immediately prior to the December meeting, defendant met privately with Town Board members to advise them that he intended to make a proposal at the impending public meeting that he be granted a right-of-way. When defendant appeared before the Town Board at the public meeting, he instead requested only a utility easement appurtenant to a right-of-way which he repeatedly indicated he already owned. Following the Town Board's approval of the conveyance of a utility easement, defendant successfully sought to have the December Town Board meeting minutes amended to reflect that he had been granted a right-of-way. Defendant then obtained and filed a deed conveying the right-of-way and subsequently used the right-of-way to log the property. Defendant was charged in a two-count indictment and, following a jury trial, was found guilty of defrauding the government and acquitted of official misconduct. Defendant now appeals.

We affirm. Defendant argues that his conviction was based on legally insufficient evidence and was against the weight of the evidence. In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People (*see People v Harper*, 75 NY2d 313, 316-317 [1990]) and "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). On the other hand, in determining whether a conviction is against the weight of the evidence, we view the evidence in a neutral light and, if a different finding would not have been unreasonable, we " 'weigh the relative probative force of

---

* The Town Clerk of 26 years testified that defendant's motion for acceptance of a conveyance without a prewritten draft resolution was "not a common practice."

conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 636 [2006]; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]), giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]).

As relevant here, in order to convict defendant of the crime of defrauding the government, the People were required to prove the existence of "a scheme constituting a systematic ongoing course of conduct with intent . . . to obtain property from the [Town by] . . . fraudulent pretenses, representations or promises," as a result of which defendant obtained property from the Town having a value in excess of $1,000 (Penal Law § 195.20). Defendant's claim that the People failed to prove a "systematic ongoing course of conduct"—either because proof of fraud against the public, generally, is insufficient and there was no evidence of the existence of a scheme to defraud any particular government officials or because there was no evidence of multiple acts on his part in furtherance of any scheme—is unavailing. The aim of Penal Law § 195.20 is to punish those who seek to gain a benefit at the expense of the government or its citizenry (*see* Governor's Mem, 1986 NY Legis Ann, at 342; *People v Tansey*, 156 Misc 2d 233, 245 [1992]). Moreover, a single scheme to defraud may contain several "actors, modalities and victims" and can be characterized as "a continuing offense committed over time" (*People v First Meridian Planning Corp.*, 86 NY2d 608, 616 [1995]). "[T]he details of the separate transactions alleged to comprise parts of the scheme do not have to be identical in every respect, as long as the fact finder is satisfied that there are, among all the transactions, common elements by which each transaction may be identified as having been undertaken pursuant to an over-all fraudulent design" (*People v Kaminsky*, 127 Misc 2d 497, 502 [1985]; *see People v Ford*, 88 AD2d 859, 862 [1982]).

Here, the People presented ample evidence from which the jury could find that defendant engaged in a systematic ongoing course of conduct with the intent to obtain a right-of-way from the Town by fraudulent pretenses or representations. Such evidence included proof of defendant's position as Town Supervisor and as the owner of a logging company. In addition, defendant, himself, testified regarding his insistence that the sale of

the property from Neilson close by the end of the year (leading to the inference that he wanted to ensure that he obtained the right-of-way prior to the January 2006 installation of new Town Board members, at least one of whom was a political adversary of defendant). The evidence also established a series of actions on defendant's part even more directly related to the conveyance of the right-of-way, such as his actions at the November 2005 Town Board meeting by which he improperly procured a right-of-way over Town property for another member of the public, the private unrecorded meeting with members of the Town Board wherein he discussed his plans to request a right-of-way over Town property, followed by his false and misleading statements at the public Town Board meeting, defendant's uncommon procedure for requesting a right-of-way, his request to change the minutes of the Town Board meeting, and his filing of a deed with the Warren County Clerk that was not in conformity with what the Town Board had approved. Viewed in a light most favorable to the People, such evidence was also sufficient to establish a causal connection between defendant's fraudulent conduct and his obtaining the right-of-way. Nor were the jury's findings relative to these issues against the weight of the evidence.

We next turn to defendant's argument that the proof was legally insufficient to establish that he actually obtained the right-of-way. In this regard, we note that defendant failed to preserve his claim (*see People v Gray*, 86 NY2d 10, 20-21 [1995]), raised for the first time on this appeal, that the conveyance was void ab initio because it was made without adequate consideration and was, therefore, an unconstitutional gift of public property (*see* NY Const, art VIII, § 1). However, were we to consider this claim, we would find it to be without merit.

On the other hand, contrary to the People's contention, defendant did preserve his claim that the conveyance was void as a result of the Town's failure to follow the proper procedures for transfer of Town property in accordance with Town Law § 64. Nevertheless, we also find this contention to be unavailing. Even if we were to conclude that the conveyance of the right-of-way failed to comply with the applicable procedural requirements, such failure would, at most, render the conveyance voidable (*see generally Cameron Estates, Inc. v Deering*, 308 NY 24, 30 [1954]; *2609 Bailey v City of Buffalo*, 161 Misc 2d 419, 421 [1994], *affd* 227 AD2d 959 [1996]). Inasmuch as there is no record evidence of any action taken to rescind the transaction, we conclude that there was legally sufficient evidence to establish that defendant obtained the right-of-way.

We also conclude that the evidence was legally sufficient to establish that the value of the right-of-way exceeded $1,000 and that such finding was not against the weight of the evidence. While the People did not call an expert witness regarding the value of the right-of-way, "it is only necessary that the jury have a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold" (*People v Sheehy*, 274 AD2d 844, 845 [2000], *lv denied* 95 NY2d 938 [2000]). Here, Neilson testified that a potential buyer had initially offered him $27,500 for the property but, upon ascertaining that a right-of-way could not be obtained, the buyer did not proceed with the purchase and defendant subsequently purchased the property—knowing that there was no land access to it—for $20,000. Neilson also testified that he received a settlement of $7,000 from his title insurance company based upon the inability to secure a right-of-way for the parcel. Based on this evidence, it was reasonable to infer that the market value of the right-of-way was well in excess of $1,000.

Cardona, P.J., Peters, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.