## CULNANE v. DIXON

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

1. TAXATION—TAX SALES—ACTION TO SET ASIDE—IRREGULARITIES—BURDEN OF PROOF.

Under Tax Law (Laws 1896, p. 841, c. 908) § 131, providing for the execution by the Comptroller of a deed of lands sold for taxes and not redeemed, which conveyance, after two years, shall be conclusive evidence that the sale and all proceedings prior thereto were regular, where the complaint in an action to set aside a tax deed alleges that when the assessment was made the lands belonged to plaintiff's grantor, who was a nonresident, the burden of overcoming the sale and deed after two years from date thereof by proof of irregularities is on plaintiff.

2. SAME—ADMISSIONS—PLEADINGS—CONSTRUCTION.

The complaint in an action to set aside a tax deed on the ground that the assessment was improperly made, as against resident lands, alleged that at all times between January 1, 1894, and March 1, 1899, one D., a nonresident, was the owner of the premises, and that on March 4, 1899, he conveyed the same to plaintiff. The answer admitted that prior to the 4th day of March, 1899, D. was the owner of the premises, and conveyed them to plaintiff, but denied every allegation except those allegations expressly admitted or otherwise denied. *Held* to constitute an admission that on March 4, 1899, when he conveyed to plaintiffs, D. held the title,

so as to make his conveyance effective, and not an admission of the allegation that for five years before that he had at all times so held the title, so as to establish that at the time of the assessment in 1897 the premises belonged to him.

**3. SAME—EVIDENCE—SUFFICIENCY.**

Testimony of plaintiff, who at all the times in question lived outside the state, as follows: "I know of no such a person as C. belonging to me. I had a sister-in-law by that name, and she never had any interest in this lot, and died prior to 1897"—did not sufficiently prove that the property was not properly assessed to C. in 1897.

Appeal from Special Term, Steuben County.

Action by Margaret Culnane against Andrew J. Dixon, impleaded, etc. From a judgment dismissing her complaint, plaintiff appeals. Affirmed.

The defendant holds the title and possession of certain real estate situate in the town of Corning, Steuben county, through various mesne conveyances from the county treasurer of said county. Said official in December, 1899, duly advertised and sold said premises for nonpayment of taxes claimed to have been assessed for the year 1897, and reassessed as unpaid in 1898. The premises were assessed as lands of a resident taxpayer to one Mary M. Culnane. Plaintiff is seeking by this action to have set aside said tax sale and the conveyances founded thereon, upon the ground that in 1897 said lands belonged to one Doolittle, who was a nonresident, and that therefore the original assessment of them other than as nonresident lands was invalid and void.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William S. Reed, for appellant.
Warren C. Cheney, for respondent.

HISCOCK, J. It seems to us that plaintiff has failed to establish the facts necessary as a basis for her action. The tax deed under which defendant claimed at the date of commencement of this action was made conclusive evidence that the sale and all proceedings prior thereto, from and including the assessment, were regular and in accordance with the provisions of law. Section 131, Tax Law (Laws 1896, p. 841, c. 908). While it may be assumed that this would not bar plaintiff from asserting some jurisdictional defect, there can be no doubt that, under her complaint and the principles of law applicable, the burden rested upon her of attacking and overturning the sale and deed by proof of irregularities. City of New York v. Matthews, 180 N. Y. 41, 47, 72 N. E. 629. She bound herself by her complaint to do this by establishing that in 1897 the premises belonged to Doolittle, who was a nonresident, and that the assessment was to Mary M. Culnane as a resident. There is no doubt about the latter fact, but I think the ownership by Doolittle has not been established. There is no testimony to do this, and the decision of the question rests upon the allegations and admissions of the pleadings. The complaint alleges that "at all times between January 1, 1894, and March 1, 1899, Frank E. Doolittle was the owner in fee simple" of the premises, and further, in another paragraph, that upon March 4, 1899, he conveyed the same to the plaintiff. His and plaintiff's nonresidence are undisputed. The defendant's answer admits "that prior to the fourth day of March, 1899, Frank E. Doo-

little was the owner of the premises,  *  *  *  and conveyed the said premises to the plaintiff." Then "said defendant, further answering the said complaint,  *  *  *  denies the same, and each and every allegation therein contained, except those parts and allegations hereinbefore expressly admitted or otherwise denied." A fair construction of the answer is as an admission that upon March 4, 1899, when he conveyed to plaintiff, Doolittle had become invested with the title, so as to make his conveyance effective, and it should not be construed as admitting the allegation of the complaint that for five years before that he had at all times so held the title. This view is rendered more easy, and one in favor of plaintiff more difficult, by the evidence which she drew out from the witness Chambers that Mrs. Culnane had "owned this property for more than ten years." There is no finding of ownership by Doolittle prior to March 4, 1899. I also think that there was no sufficient proof that the property was not properly assessed to Mary M. Culnane as a resident in 1897. The only evidence directly upon this point was given by plaintiff, who said:

"I know of no such a person as Mary M. Culnane, belonging to me. I had a sister-in-law by that name, and she never had any interest in this lot, and she died prior to 1897."

This evidence was so limited by its form, and the further fact that the witness at all the times in question lived in Pennsylvania, as to fall short of satisfactorily proving the nonexistence of the person assessed.

Plaintiff is not in position to urge that the evidence of the witness Chambers, above quoted, showed her to be the owner of the property in 1897, and that for that reason the assessment was invalid. The record title shows that evidence to have been incorrect as a whole, and, moreover, plaintiff's complaint was not framed, and the action was not tried, upon any theory of ownership by her in 1897.

These views render it unnecessary to consider other questions presented. The judgment should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.