EUGENE OSTERHOUT, INC., Appellant, v FRANCES SARDO et al., Respondents, and COUNTY OF SULLIVAN, Intervenor-Respondent.

Third Department, February 8, 1979

**APPEARANCES OF COUNSEL**

*Kalter & Gottlieb (Jeffrey Kaplan* of counsel), for appellant.

*Meyer, Diesenhouse & Feinson (Robert M. Feinson* of counsel), for respondents.

*William C. Rosen, County Attorney,* for intervenor-respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

In this action to compel the determination of conflicting claims to real property (Real Property Actions and Proceedings Law, art 15), the parties claim title through deeds originating from different sources. Accordingly, it is necessary to review the chains of title upon which the parties rely.

The property in question, consisting of two separate parcels of land adjacent to each other, was owned by one Charles Bennett in 1967. Bennett failed to pay the 1967 realty taxes and the County of Sullivan conducted a tax sale in July, 1968 (Real Property Tax Law, § 1006). The property was conveyed to the county by deed dated July 20, 1971, and recorded on October 13, 1976. Thereafter, on October 14, 1976, the county auctioned the subject parcel to defendants and the board of supervisors accepted defendants' bid on December 13, 1976. By deed dated December 15, 1976, the county conveyed the property to defendants Sardo. The Ellenville National Bank held two mortgages, one on each of the two adjoining parcels comprising the property deeded to the Sardos. The mortgage covering the smaller of the two parcels was assigned by the bank to the Small Business Administration (SBA). The Ellenville National Bank foreclosed upon the mortgage it retained and acquired title to the parcel by deed dated May 2, 1969. On June 2, 1977, the bank conveyed, by quitclaim deed, whatever interest it had in this parcel to defendants. Since plaintiff concedes in its brief that this appeal only "concerns the disputed title to that portion of the property purchased at the 1976 tax sale to which plaintiff holds the earlier deed", Special Term was correct in granting defendants' cross motion for partial summary judgment affecting the larger of the two parcels.

However, the mortgage on the smaller parcel which had been assigned to the Small Business Administration was also foreclosed and purchased at the foreclosure sale by the SBA. By deed dated July 11, 1973, approximately three and one-half years before the deed from the county to defendants covering both parcels, the smaller parcel was conveyed to Eugene Osterhout who, in turn, conveyed it to plaintiff, Eugene Osterhout, Inc., on September 25, 1973. In this article 15 of the

Real Property Actions and Proceedings Law proceeding, the plaintiff's complaint contends that its title to the smaller parcel is superior to that of defendants because the County of Sullivan, which conveyed the property to defendants, never had title. This contention is premised on the fact that the deed from the SBA to plaintiff antedates the deed from the county to defendants covering both parcels. However, on the motion to set aside the deed between the county and the defendants, plaintiff, perhaps in recognition that a conveyance of this type carries with it a presumption that all prior proceedings were regular and in accordance with relevant provisions of law (Real Property Tax Law, § 1020, subd 3) abandoned this contention by offering no proof to rebut the statutory presumption. Rather, at Special Term plaintiff sought to invalidate the deed from the county to defendants on the grounds that (1) the board of supervisors did not pass a resolution pursuant to subdivision 4 of section 1018 of the Real Property Tax Law authorizing the 1976 sale, that (2) the "tax sale" to defendants included a year for which the property was exempt, that (3) the "tax sale" involved a year in which the taxes were paid, and that (4) the County Treasurer failed to divide the property before the sale, thus rendering the "tax sale" invalid. Each of these contentions is without merit.

■ In 1965, the Board of Supervisors of Sullivan County adopted Resolution No. 30 recommending that the County Treasurer sell at public auction or at a private sale all properties conveyed to the county which remained unredeemed after three years had elapsed from the date of the conveyance. Accordingly, the treasurer's public auction of properties, including the subject parcel, on October 14, 1976 was in conformity with the board's resolution (see Real Property Tax Law, § 1018, subd 4). The notice of sale provided that "[A]ll bids will be subject to the approval of the Board of Supervisors." Thus, the October 14 auction did not dispose of the property until the board approved the sale by resolution dated December 13, 1976. It is clearly apparent that the county complied with the requirements contained in subdivision 4 of section 1018 of the Real Property Tax Law.

■ ■ Contentions (2) and (3) are based upon plaintiff's assertion that the 1976 sale by the county to defendants is void because the 1973 taxes were paid and in 1974 the property was exempt from taxation because it was owned by

the SBA. While it is true that a sale of land for taxes of several years, one of which is void or exempt, renders the tax sale void (cf. *Helterline v People,* 295 NY 245; *People v Hagadorn,* 104 NY 516, 523-525), this principle is inapplicable where, as here, the sale under attack is not a "tax sale", but a sale by a municipal body of property previously acquired through a prior "tax sale". Here, the "tax sale" of the subject parcel took place in 1968. Accordingly, at the dispositional sale in 1976, the taxable status of the parcel during the intervening years since 1968 is irrelevant. The county had acquired title before the taxes were paid in 1973 and the exempt status established in 1974. Further, plaintiff, at the time of the 1976 sale to defendants, did not have a right of redemption in the subject parcel despite the practice of Sullivan County to allow a property owner to redeem his property by paying the outstanding taxes at any time before sale. Section 1022 (subd 1, par [a]) of the Real Property Tax Law gives an owner 36 months from a tax sale to redeem his property. Thus, plaintiff's statutory right of redemption expired in 1971, and the sale and conveyance became absolute and plaintiff and all other persons were barred from redemption forever (Real Property Tax Law, § 1022, subd 1, par [c]; *Matter of Blatnicky v Ciancimino,* 1 AD2d 383, affd without opn 2 NY2d 943). In any event, plaintiff did not pay or offer to pay the taxes due on the subject parcel before the 1976 sale to defendants. Certainly, plaintiff cannot contend that the county practice of accepting payment of taxes beyond the statutory period authorizes a nonpaying owner to challenge the county's deeds.

Plaintiff's final contention that the County Treasurer abused his discretion by selling the entire parcel is without merit. Plaintiff's attack is mounted against the 1976 sale, which, as noted above, was not a tax sale. Further, a study of the deeds as plotted, indicates that the boundary line between the two parcels passes through a building. Thus, even assuming a nondivision of the parcels by the treasurer, it can hardly be claimed that a decision to sell the realty as a whole in satisfaction of the tax liens was an abuse of discretion.

The order should be affirmed, without costs.

GREENBLOTT, SWEENEY, KANE and MAIN, JJ., concur.

Order affirmed, without costs.