■ ELMER ROBY, Respondent, v DONALD BAKER, as Treasurer of the County of Sullivan, et al., Appellants. — Appeals from an order of the Supreme Court at Special Term, entered March 3, 1980 in Sullivan County, which denied defendant Witschard's motion for summary judgment and granted plaintiff's cross motion for summary judgment. By deed dated May 9, 1973 and recorded in the Sullivan County Clerk's office on June 6, 1973, plaintiff allegedly purchased for value approximately one half of a parcel owned by one Edward Marscheider and situated in the Town of Rockland, Sullivan County. At the time of the purported conveyance and at all relevant times thereafter the 1973 taxes assessed against the entire parcel were and remained unpaid, although plaintiff did pay the taxes assessed against his portion of the parcel in years subsequent to 1973. On July 25, 1974, with the subject taxes still not paid, a tax sale certificate for the entire parcel was issued to the Sullivan County Treasurer, and when the land was not later redeemed, Sullivan County received a tax deed for the entire parcel on September 6, 1977. Subsequently, at a public auction on October 14, 1977, the parcel was sold to defendant Sidney Witschard, who received a deed therefor from the county, dated December 15, 1977, and early in 1978 Witschard began claiming to be the rightful owner of that portion of the parcel purportedly conveyed by Marscheider to plaintiff in 1973. With these circumstances prevailing on June 1, 1978, plaintiff commenced the present action, pursuant to RPAPL article 15, to compel a determination of his claim to the disputed portion of the parcel. In response, defendant Witschard counterclaimed for title to and possession of the land in question and also for damages against plaintiff in the amount of $150 for each month after December 15, 1977 that plaintiff remained in possession of the land. Ultimately, in the order appealed from, Special Term granted a cross motion by plaintiff for summary judgment, adjudged plaintiff to be the lawful owner of the subject premises in fee simple, and forever barred defendants and all persons claiming under them from any claim upon the subject premises. Defendants now appeal, and for the reasons that follow we hold that Special Term's order should be reversed. On January 1, 1973, the tax lien under which defendant Witschard claims to have acquired ownership in fee simple of the disputed property attached to the property by operation of law and subsequently remained an encumbrance upon the property until the taxes due were paid by Sullivan County at the tax sale on July 25, 1974 (Real Property Tax Law, § 902). Moreover, the tax lien, as a creature of statute and not a conveyance evidenced by a written instrument (see Real Property Law, § 290, subd 3), was not embraced by the recording act which relates solely to conveyances (Real Property Law, § 291). Consequently, even though the lien was never recorded, it could not be cut off by the subsequent attempted purchase of the property by plaintiff and his prompt recording of his deed from Marscheider on June 6, 1973. Under these circumstances, the interest

prior in time, i.e., the tax lien, must be first in right and prevail over the later attempted conveyance of the land to plaintiff, and Special Term's reliance upon *Doyle v Lazarro* (33 AD2d 142, affd 33 NY2d 981) to reach a contrary result was plainly mistaken. That case is readily distinguishable from the situation herein because its resolution centered upon the failure to record a tax sale deed, a written instrument transferring an interest in real property which would be embraced by the recording act (Real Property Law, § 291), and not upon a tax lien for which there is nothing to record. There is likewise no merit to plaintiff's contention that he did not receive adequate notice from the county in 1975 that the county had been issued a tax sale certificate for the subject property in July of 1974 and the initial one-year period allowed for the redemption of the property would expire in July of 1975. The notice by publication utilized by the county in 1975 was authorized by statute at that time (Real Property Tax Law, § 1014, L 1958, ch 959), and this manner of notice passed constitutional muster in *Botens v Aronauer* (32 NY2d 243, app dsmd 414 US 1059). Similarly, plaintiff has no meaningful complaint because the property was misdescribed in the notice of the public auction of October, 1977. By the time of this notice, plaintiff's right to redeem the property had expired, and the county was under no obligation to provide him with either actual or constructive notice of the public auction (see, generally, *Eugene Osterhout, Inc. v Sardo,* 66 AD2d 167). Furthermore, the misdescription involved merely an erroneous tax map number, and the notice specifically stated that tax map numbers were for reference purposes only. Plaintiff's remaining contentions are also lacking in substance. It is now conceded that the county intended to convey the entire Marscheider parcel to defendant Witschard, and it was plainly not error for the entire parcel to be sold to satisfy the lien *(Van Wormer v Giovatto,* 46 NY2d 751). In sum, defendant is entitled to a determination that he is the owner in fee simple of the property in question. Moreover, while this result may seem harsh to plaintiff, it is clearly required by the law, and plaintiff's misfortune could readily have been avoided by a proper investigation of the tax status of the property when it was purportedly conveyed to plaintiff in May of 1973. Under these circumstances, defendant Witschard is entitled to partial summary judgment including a directive that he be given a correction deed to correct the erroneous tax map number on his original deed, and this matter must be remitted for further proceedings on defendant Witschard's counterclaim arising from plaintiff's continued possession of the property after December 15, 1977. Order reversed, on the law, with costs, and defendant Witschard granted partial summary judgment to the extent that he is adjudged the owner in fee simple of the disputed property, that the county is directed to issue him a correction deed and that plaintiff and all persons claiming under him are forever barred from any claim upon the subject premises, and matter remitted to Special Term for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.