Barney L. Aversano et al., Appellants, v Frank P. Neal, Defendant, and Mabyn L. Neal, Respondent.

Third Department, July 16, 1987

## APPEARANCES OF COUNSEL

*Rocco A. De Perno (Elizabeth J. Gibbons* of counsel), for appellants.

*Hubert L. Brown Law Offices, P. C. (Evan L. Webster* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

This litigation is the outgrowth of a tax sale conducted by the County of Chenango in 1984. Plaintiffs, who eventually acquired title to the premises, a 175-acre farm, in 1985, brought this action pursuant to RPAPL 601 to recover possession thereof. Defendant Mabyn L. Neal (hereinafter defendant),* who continued to remain in possession of the premises after the tax sale, challenges the propriety of plaintiffs' title; she maintains that the county failed to comply with Real Property Tax Law article 10 and hence, plaintiffs' fee interest in the premises is less than absolute.

When taxes on the premises in the amount of $2,009.87 remained due and unpaid, the County Treasurer, on October 16, 1980, issued a tax sale certificate. After expiration of the applicable three-year redemption period (Real Property Tax Law § 1022 [1]), the farm was conveyed by tax deed dated October 20, 1983 to the county, which then sold it at auction held August 14, 1984 to the highest bidder, plaintiffs' predecessor in title; he in turn conveyed the property to plaintiffs by deed dated December 17, 1985.

When efforts to negotiate a rental arrangement, allegedly undertaken by plaintiffs but denied by defendant, were rejected, plaintiffs instituted this suit, the object of which was to evict defendant and to recover $400 per month, purportedly the reasonable rental value of the premises from December 17, 1985, the date when plaintiffs were seized of the property. After furnishing a bill of particulars, plaintiffs moved for summary judgment and defendant cross-moved for, and was granted, permission to amend her answer to include, *inter alia,* a counterclaim that the farm should be partitioned pursuant to RPAPL article 9. In denying plaintiffs' motion, Supreme Court adopted defendant's argument that a question of fact existed with respect to whether the County Treasurer abused his discretion in selling the entire farm rather than only so much thereof as was necessary to satisfy the unpaid taxes (Real Property Tax Law § 1006). Plaintiffs appeal.

Initially, we note that the tax deed of October 20, 1983,

---

* Defendant Frank P. Neal has never appeared or answered the summons and complaint.

from which plaintiffs' title devolves, constitutes "presumptive evidence that the sale and all proceedings prior thereto * * * were regular and in accordance with all the provisions of law relating thereto" (Real Property Tax Law § 1020 [3]) and that after two years this presumption of procedural regularity becomes conclusive. Once this conclusive presumption attaches, the tax deed is subject to cancellation by reason only of (a) a prior payment of the taxes which triggered the sale in the first instance, (b) an illegal levy, or (c) a jurisdictional defect of constitutional dimension affecting the proceedings (RPTL 1020 [3]). To undermine the validity of the tax deed at issue, the burden of proving one of the foregoing irregularities is on defendant *(see, Culnane v Dixon,* 107 App Div 163). As to this, plaintiffs argue persuasively that defendant has not met her burden.

Defendant's attack on the jurisdictional validity of the tax deed focuses on plaintiffs' claimed noncompliance with the notice provisions of the Real Property Tax Law, notably sections 1002 and 1022. These sections contemplate the mailing of an appropriate notice of the tax sale to the owner or occupant of each parcel to be sold (Real Property Tax Law § 1002 [4]), followed by publication of a notice of such sale (Real Property Tax Law § 1002 [1], [4]). That defendant received notice of the county's intention to sell the farm at a tax sale is apparent from her affirmation, twice made, that she "was informed that the property would be sold for unpaid taxes, but did * * * nothing". And as to the regularity of the publication, it suffices to observe that the subject parcel was sold at the same tax sale and pursuant to the very same publication procedures which we had occasion to review and endorse in *Ingraham v County of Chenango* (122 AD2d 309).

Additionally, although defendant maintains otherwise, the record, which could have been more fully developed in this area, nevertheless suggests that the required notices of redemption were furnished (Real Property Tax Law § 1022 [1] [b]). In short, plaintiffs have submitted prima facie proof of the regularity of the proceedings underlying the tax deed and defendant's conclusory expressions to the contrary are insufficient to overcome the conclusive presumption of procedural compliance associated with that conveyance *(see, Handy v D'Onofrio Bros. Constr. Corp.,* 59 AD2d 254, 255).

With respect to whether the County Treasurer abused his discretion in selling the entire farm in lieu of selling subdivided parcels thereof, we hold a view different from that

adopted by Supreme Court. Given that plaintiffs were armed with a conclusive presumption that all statutory procedures were complied with when they moved for summary judgment, including any alleged abuse of discretion arising from the sale of the entire parcel of land, to forestall summary judgment it was incumbent upon defendant to come forward with evidence, generating a question of fact, that a sale of the entire farm was indeed improper (see, Siegel, NY Prac § 281, at 337-338). Defense counsel's opposing affidavit merely speculates that "there may be questions of fact" concerning compliance with Real Property Tax Law §§ 1002, 1006 and 1022. Understandably, defendant would have us infer, but there are no facts presented justifying the inferences, that the farm was indeed readily divisible and selling a portion of it was feasible and practical.

Defendant's position in this regard is not only procedurally flawed but substantively unprepossessing as well. The applicable statute bearing on a County Treasurer's discretion to sell the entire premises is Real Property Tax Law § 1006 (1). It provides that: "On the day specified in the notice of sale, the county treasurer shall commence the tax sale and shall continue the same from day to day until so much of each parcel shall be sold as will be sufficient to pay the amount due thereon as specified in such notice" (RPTL 1006 [1]). As Van Wormer v Giovatto (46 NY2d 751, 753) makes clear, "this provision does not put the county treasurer to the costly burden of subdividing delinquent tax properties, but merely authorizes, without mandating, bidding for less than a full interest in the entire parcel".

The record discloses that one R. Neal, presumably defendant's son, bid $6,000 for the entire parcel. While it is unclear whether his bid was as defendant's agent, there is no evidence whatsoever that anyone bid on anything less than the entire parcel or even communicated a desire to do so (cf., Matter of Valente v Culver, 124 AD2d 950, 952). Simply put, this was not a situation where the County Treasurer exercised discretion in choosing amongst various bids for various parcels; he did nothing more than accept the highest bid offered. There being insufficient evidence submitted to raise a triable fact issue with regard to whether the County Treasurer abused his discretion, we conclude the sale was lawful in every respect and summary judgment in plaintiffs' favor should have been granted.

Nor are we disposed to entertain defendant's request to

"transform" plaintiffs' tax deed into an "equitable lien like that [u]nto a mortgage" because such a conclusion is ostensibly supported by the general scheme of Real Property Tax Law article 11. That invitation is based upon a misapplication of RPAPL article 9 which predicates partition on the existence of property which belongs to the parties as co-owners (14 Carmody-Wait 2d, NY Prac § 91:1, at 294); that prerequisite is conspicuously absent here for a tax sale grantee takes an absolute estate in fee (Real Property Tax Law § 1020 [1]).

Finally, we note that the moving papers do not lend themselves to summary judgment as to the fair rental value of the property to which plaintiffs claim entitlement. A plenary hearing for that purpose is necessary. We do not pass upon the merits of defendant's civil rights counterclaim.

MAIN, J. P., WEISS, MIKOLL and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for summary judgment; motion granted to the extent of declaring plaintiffs to be the fee simple absolute titleholders of the subject property, directing defendant to relinquish possession and to immediately vacate the same, and matter remitted to Supreme Court for further proceedings not inconsistent herewith; and, as so modified, affirmed.