█ COUNTY OF ORANGE, Appellant, v RICHARD NOZKOWSKI et al., Respondents.

The real property in question is located on Sugar Loaf Mountain Road, Chester, New York, and has been the residence of the respondents and their family for over 33 years. In 1981 the real property taxes levied on the property were unpaid. The tax sale of the respondents' property was scheduled for March 18, 1981, and on that date the petitioner, the County of Orange, "bid in" the property. By the provisions of RPTL 1022, a 36-month period then commenced within which the property could have been redeemed from that tax sale by the respondents. The last date to redeem under the statute was March 18, 1984.

RPTL 1022 (1) (b) provides, in pertinent part, that not less than 30 nor more than 60 days prior to the expiration of the redemption period, the County Treasurer is required to send to the owner or occupant of the land, by certified mail return receipt requested, a notice setting forth: (1) the sale and conveyance of the parcel, (2) to whom made, (3) the amount required for redemption, and (4) that unless such amount is paid to the County Treasurer before the expiration of 36 months from the date of sale, the conveyance previously made shall become absolute and the occupant and all others shall be forever barred from redeeming the property.

The purpose behind the enactment of RPTL 1022 (1) (b) was to "insure that adequate notice of [a tax] sale is given to owners whose real property may be sold due to nonpayment of real property taxes" (see, 1976 NY Legis Ann, at 345). It "insures that adequate notice will be sent to owners of property which was sold in a delinquency sale, informing them of their right of redemption" (see, 1975 NY Legis Ann, at 363).

Thus, according to the terms of RPTL 1022 (1) (b), the County Treasurer (or, in Orange County, the Orange County Commissioner of Finance) should have sent the aforesaid notice in this case sometime between January 16, 1984 and February 16, 1984.

The petitioner however, holds its annual deed sales in September of each year. Therefore, the petitioner elected to extend and enlarge the redemption period set forth in RPTL 1022 (1) (b) to a date seven days prior to the annual deed sale by the county. Therefore, the redemption period for the respondents was not 36 months but was enlarged to almost 42 months, expiring on September 11, 1984. In accordance with this policy, the Commissioner of Finance sent a notice on August 6, 1984, to the respondents by certified mail return receipt requested, informing them that the redemption period in their case had been extended to September 11, 1984. The notice contained the statutory redemption information required by RPTL 1022 (1) (b) and was actually received by the respondents on August 8, 1984. The respondents failed to respond to the notice, and the property was thereafter conveyed by the Commissioner of Finance to the petitioner county by deed dated and recorded on September 12, 1984.

The petitioner thereafter commenced the instant summary proceeding pursuant to RPAPL article 7 to recover possession of the property. The respondents moved for an order granting summary judgment dismissing the petition on the ground that the petitioner did not comply with the applicable provisions of the RPTL in giving them notice of their right of redemption. The respondents conceded that the notice sent on August 6, 1984 contained the information required by RPTL 1022, but they argued that it was not sent within the statutory time period, namely, not less than 30 days nor more than 60 days prior to the expiration of the original redemption period (Mar. 18, 1984). The Supreme Court agreed and the petition was dismissed. We reverse.

A county treasurer may permit redemption of a parcel of real property to which the county holds a tax sale certificate

after the expiration of the applicable statutory period of redemption but before a deed has been delivered conveying title to the county (1978 Opns St Comp No. 78-399). In this case, the statutory redemption period was enlarged almost six months to September 11, 1984. Provided that the notice required by RPTL 1022 (1) (b) is given not less than 30 nor more than 60 days prior to the expiration of the extended period of redemption, the provisions of RPTL 1022 are satisfied.

In this case, the respondents were given notice of the impending expiration of the extended redemption period more than 30 days and less than 60 days before the end of that period. Thus, they were given sufficient opportunity to reclaim their property before the petitioner took the deed. We find that there was compliance with the provisions of RPTL 1022, and the notice of redemption at issue was valid. We further find that the content and purpose of RPTL 1022 (1) was fairly and properly carried out.

Furthermore, although the petitioner did not serve the notice to redeem on the Orange County Commissioner of Social Services, who held a mortgage lien on the property to secure repayment of certain public assistance benefits made to the respondents, they may not be permitted to assert this noncompliance as they failed to establish that they were prejudiced in any regard by the failure to serve the mortgagee *(see, Handy v D'Onofrio Bros. Constr. Corp.,* 59 AD2d 254; *Margeson v Smith,* 41 AD2d 896).

Accordingly, the respondents' motion for summary judgment dismissing the petition by reason of an alleged defective notice of redemption should be denied. Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.