■ Helen A. Metz et al., Individually and as Executrixes of the Estate of Sigmund Metz, Deceased, Appellants, v Stephen L. Dorsey, as Director of Chenango County Real Property Tax Services, et al., Respondents, et al., Defendants.—Weiss, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered November 4, 1987 in Chenango County, which, *inter alia,* granted motions by various defendants for summary judgment dismissing the complaint against them.

This litigation ensues from a 1982 tax sale conducted by defendant County of Chenango pursuant to the procedures set forth in RPTL article 10. The parcel involved was owned by Sigmund Metz (hereinafter decedent) until his death in November 1973. Plaintiffs, as executrixes of his estate, conveyed the parcel to themselves in May 1980. Decedent's estate, however, remained the designated owner on the assessment role *(see, Matter of Girrbach v Levine,* 132 AD2d 41).

On October 21, 1982, the county was issued a tax sale certificate for delinquent 1982 taxes *(see,* RPTL 1008). After the pertinent three-year redemption period expired *(see,* RPTL 1022 [1]), the property was conveyed to the county by tax deed recorded October 23, 1985. Pursuant to a resolution by defendant County Board of Supervisors, the county scheduled the property for sale on April 30, 1986 *(see,* RPTL 1018 [4]). In the interim, by letter dated April 7, 1986, the county informed plaintiffs of the impending sale and that full payment was required before the opening of bids in order to regain title. No payments were made and the bid of defendant Edward J. Panus was accepted at the April 30, 1986 sale. On May 12, 1986, plaintiffs commenced this action pursuant to RPAPL article 15 to quiet title, claiming that the county failed to comply with various provisions of RPTL article 10. Supreme Court granted motions by the county defendants (hereinafter collectively referred to as defendants) and Panus for summary judgment dismissing the complaint against them, giving rise to this appeal.

We affirm. Plaintiffs' various challenges to the validity of the 1982 tax sale are not persuasive. Initially, we observe that the record confirms that notice of the tax sale was duly published *(see,* RPTL 1002 [1], [4]; *see also, Aversano v Neal,* 130 AD2d 95, 97). Plaintiffs maintain that the tax sale was invalid since the county did not tender actual payment of its bid, as required for an individual purchaser, but recorded the transaction through a mere bookkeeping entry. Every purchaser at a tax sale is required to proffer payment of his bid to defendant County Treasurer within 48 hours of the sale,

prior to receipt of a certificate (RPTL 1006 [2]). The county is statutorily authorized to purchase lands at a tax sale, but is "subject to the same right of redemption as purchases by individuals" (RPTL 1008 [1]). In effect, the county's "power to acquire and hold lands sold at a tax sale" is commensurate with that of an individual purchaser (*Matter of Elinor Homes Co. v St. Lawrence*, 113 AD2d 25, 31).

We reject plaintiffs' thesis that the county's proprietary status mandates an actual "cash" payment of its bid to the County Treasurer. In our view, an appropriate bookkeeping entry satisfies the statutory payment requirements *(see, supra,* at 31; 4 Opns Counsel SBEA No. 53, at 94-95). To hold otherwise would require a payment *from* the County Treasurer *to* the County Treasurer, a formality which Supreme Court rightly rejected as unnecessary. The case of *Devine v County of Suffolk* (71 Misc 2d 883), relied on by plaintiffs, does not compel a contrary result. The *Devine* case interpreted a local ordinance as requiring an actual payment *(supra,* at 886). Notably, in *Matter of Ueck* (286 NY 1), the Court of Appeals interpreted the "payment" provisions of another local law as a matter of bookkeeping *(supra,* at 13). In any event, the instant case does not turn on a local requirement and we perceive no impropriety in the county evidencing payment through a bookkeeping entry.

Plaintiffs' further suggestion that the county excluded competitive bidding at the 1982 tax sale without benefit of a proper resolution is unfounded *(see,* RPTL 1008 [3]). The published notice declared that the tax sale was open to the public. That only the County Treasurer and defendant Director of Real Property Tax Services appeared at the sale does not obviate the fact that it was a public event.

Next, plaintiffs maintain that defendants conducted the April 30, 1986 sale without according them proper notice, in violation of their rights to procedural due process. This argument stems from the April 7, 1986 notification letter which plaintiffs assert misled them into believing that payment could be made after the April 30, 1986 sale deadline, subject only to additional interest. At this juncture, we observe that the three-year statutory redemption period had expired in October 1985 *(see,* RPTL 1022 [1]; *Eugene Osterhout, Inc. v Sardo,* 66 AD2d 167, 171, *lv denied* 47 NY2d 710). This fact, however, did not preclude the county from gratuitously authorizing payment of the tax deficiency prior to the April 30, 1986 public sale *(see, Eugene Osterhout, Inc. v Sardo, supra,* at 171; *compare, County of Orange v Nozkowski,* 140 AD2d 579,

580-581). In any event, we agree with Supreme Court that, read in its entirety and in context, the April 7, 1986 letter clearly informed plaintiffs that no redemption payments would be accepted beyond April 30, 1986. Indeed, the letter concludes with the bold caption "[p]lease understand that this is your last possible opportunity to regain your property". Unlike *Matter of McCann v Scaduto* (71 NY2d 164), relied on by plaintiffs, there is no question here that plaintiffs received actual notice of the April 30, 1986 sale, as well as the various redemption period notices *(see,* RPTL 1014 [1], [3]; 1022 [1] [b]). In our view, the notice provided was constitutionally sufficient and defendants were under no obligation to accept plaintiffs' tardy attempts at payment following the April 30, 1986 sale.

Finally, we find no merit to plaintiffs' allegation that a conflict of interest arises by virtue of Panus' employment with the Town of Coventry *(see,* General Municipal Law § 801).

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.