CHARLES J. BIUSO, Respondent, v MARTIN A. KURKILL et al., Defendants, and COUNTY OF DUTCHESS, Appellant.

Third Department, May 3, 1990

## APPEARANCES OF COUNSEL

*Ian G. MacDonald, County Attorney (Marc P. Zylberberg* of counsel), for appellant.

*Reback & Potash (David C. Reback* of counsel), for respondent.

OPINION OF THE COURT

Mahoney, P. J.

In 1968, N. I. Pennock Company executed a mortgage affecting four parcels of its real property in the Town of Poughkeepsie, Dutchess County. When Pennock failed to pay the 1966 property tax on three of the parcels and 1967 property tax on one parcel, tax enforcement proceedings were commenced and defendant County of Dutchess acquired the parcels at tax sales. A deed to the three parcels in favor of the county was recorded on April 20, 1971 and a deed to the single parcel in favor of the county was recorded on February 17, 1972. In 1975, the county conveyed two of the parcels to defendants John Pace and Florindo Bonanno and two of the parcels to defendant Mayhill Corporation, and these deeds were recorded.*

In 1980, plaintiff acquired the 1968 mortgage and thereafter commenced a foreclosure action to acquire the four parcels. Defendants herein were not named in the foreclosure action. Plaintiff recovered judgment and a Referee's deed in foreclosure was recorded in 1981, when plaintiff also received a quitclaim deed concerning the four parcels from Pennock's successor. In 1987, plaintiff commenced this RPAPL article 15 action to quiet title to the four parcels in his favor. The original defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. Supreme Court granted plaintiff's motion, concluding that the original defendants had never acquired good title to the properties because of defective notice of and an inadequate property description in the tax sale. The county then moved for leave to intervene as a defendant and to reargue. Supreme Court granted intervention as well as renewal and reargument of the motion. The county then cross-moved for summary judgment dismissing the complaint as barred by the five-year Statute of Limitations provided for by RPTL 1020 (3) and the other defendants joined in the cross motion. Supreme Court denied all motions for summary judgment and referred the matter to a Referee to take proof to resolve factual issues. The county appeals from so much of the order as denied its cross motion.

The county argues that plaintiff's action is barred by RPTL 1020 (3) which requires an action to cancel a tax sale convey-

---

* The other individual defendants apparently acquired their interests in the parcels from Mayhill.

ance for prior payment, illegal levy or jurisdictional and constitutional defects to be commenced "within five years from the expiration of the period allowed by law for the redemption of lands sold". There can be little dispute that the time for redemption of the three parcels expired on January 5, 1971 and the one parcel expired on January 6, 1972, so that the five-year limitations period ended in 1976 and 1977, respectively. It is also undisputed that this action was not commenced until 1987, after the applicable periods of limitations had run. Plaintiff seeks to avoid the statutory limitations by claiming that the notices of sale and property descriptions were inadequate and the taxes were actually paid during the redemption period so as to void the tax sales and resulting conveyances to and from the county.

It recently was held that the five-year limitations period applies even to claims of a constitutionally defective notice of tax sale (see, Manor Hills v County of Dutchess, 147 AD2d 460). This court has similarly held that the applicable limitations period applies to claims of an inadequate property description (People ex rel. Staples v Sohmer, 150 App Div 8, 11-12, affd 206 NY 39; cf., Slud v Guild Props., 6 Misc 2d 188, 195, affd 280 App Div 1018). We see no reason to depart from these decisions so that the failure to challenge the tax sales before expiration of the limitations periods is fatal.

As to plaintiff's contention that the taxes were paid during the redemption period, the five-year limitations period is not a bar (see, Cameron Estates v Deering, 308 NY 24). Our review of the record, however, convinces us that plaintiff has failed to establish such payment. Aside from plaintiff's conclusory assertions that the taxes were paid, the record contains a letter dated January 4, 1971 indicating payment of $1,274 to satisfy unpaid taxes on Pennock's 1966 property assessments. It further appears, however, that the amount tendered was less than the full amount due and that the county, which has always had a policy of not accepting partial payment of back taxes, did not accept the partial payment as satisfaction of any of Pennock's unpaid taxes. Under these circumstances, we do not believe that plaintiff has established that the taxes were paid during the redemption period (see, Sickler v Doyle, 57 AD2d 1035, 1036). For all these reasons, we conclude that the tax deeds to the county and the deeds from the county to Mayhill, Pace and Bonanno were valid so that the county's cross motion for summary judgment should have been granted and plaintiff's complaint as against it dismissed.

WEISS, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant County of Dutchess' cross motion; cross motion granted, summary judgment awarded to said defendant and complaint against it dismissed; and, as so modified, affirmed.