■ STEVE SWANDIAK, Appellant, v EDWARD BONIFACE et al., Respondents, et al., Defendants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Williams, J.), entered July 26, 1989 in Sullivan County, which granted a motion by the individual defendants for summary judgment dismissing the complaint against them.

In 1981, plaintiff commenced this RPAPL article 15 action to declare his ownership of certain property in the Towns of Mamakating and Fallsburg, Sullivan County. He acquired the property by a foreclosure deed in 1969 and asserts that he paid all taxes then due. His deed was recorded in 1973. Nonetheless, defendant County of Sullivan purchased a 30-acre parcel, allegedly the Town of Fallsburg portion of plaintiff's property, at a tax sale resulting from the nonpayment of 1968 taxes by plaintiff's predecessor. A deed in favor of the county to this 30-acre parcel was recorded in 1972 when the county, in turn, transferred the 30-acre parcel to defendant Edward Boniface. This deed was not recorded until 1974. Boniface then transferred the 30-acre parcel to himself and the other individual defendants (hereinafter collectively referred to as defendants) by deed recorded in 1975.

Plaintiff alleges that the tax sale was void by reason of prior payment of taxes, inadequate description and notice, and a variety of other reasons so that defendants never acquired any interest in the property from the county. After discovery,

defendants moved for summary judgment dismissing the complaint against them on the ground that the five-year Statute of Limitations prescribed in RPTL 1020 (3) had expired prior to the commencement of the action. Supreme Court granted the motion and this appeal by plaintiff followed.

We recently reiterated that the five-year limitations period in RPTL 1020 (3) is applicable to claims of improper notice and inadequate property description (see, Biuso v Kurkill, 157 AD2d 72). Since more than five years from the expiration of the redemption period elapsed before plaintiff commenced this action, these and the other claims of jurisdictional defects are time barred.

This five-year limitations period, however, is not a bar to plaintiff's claim that the tax sale is void because of prior payment of taxes. As the Court of Appeals has made clear, "[i]f * * * the taxes have actually been paid, the Statute of Limitations may not be availed of because the very foreclosure proceeding was 'a nullity' " (Weaver Sons Co. v Burgess, 7 NY2d 172, 177, quoting Cameron Estates v Deering, 308 NY 24, 30). Thus, plaintiff's action remains valid under this claim and Supreme Court improperly granted defendants' motion dismissing the complaint. It remains for Supreme Court to address the merits of the parties' contentions regarding this unbarred claim. We note that Supreme Court should first determine and ensure that the parties are claiming portions of the same parcel, an issue raised by plaintiff in his complaint, the resolution of which was not addressed by the court because of defendants' motion, but could be dispositive of this action.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.