■ Oscar L. Rodriguez, Respondent-Appellant, v Harold Peterson et al., Respondents-Appellants, and Jeregon Construction Corp., Appellant-Respondent.—In an action pursuant to RPAPL article 15 to determine title to real property, the defendant Jeregon Construction Corp. appeals from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated March 27, 1989, as denied its cross motion for summary judgment dismissing the amended complaint insofar as it is asserted against it, and for summary judgment in its favor on its counterclaim, and the plaintiff cross-appeals from so much of the same order as denied his motion for summary judgment in his favor on the amended complaint and to dismiss the counterclaim of Jeregon Construction Corp. The defendants Harold Peterson and County of Rockland filed a notice of cross appeal from the order.

Ordered that the cross appeal of Harold Peterson and the County of Rockland are dismissed as abandoned; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion of Jeregon Construction Corp. and substituting therefor a provision granting the cross motion and, upon searching the record, granting summary judgment to the defendants Harold Peterson (Commissioner of Finance of the County of Rockland) and the County of Rockland dismissing the complaint insofar as it is asserted against them; as so modified the order is affirmed, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate judgment; and it is further,

Ordered that the defendant Jeregon Construction Corp. is awarded one bill of costs payable by the plaintiff.

On April 6, 1988, the plaintiff commenced this action to declare himself the owner of the subject property, and subsequently moved for summary judgment in his favor. The defendants separately cross-moved for summary judgment. In the order appealed from, the motion and cross motions were denied, on the ground that there was an issue of fact with respect to the period within which the plaintiff had a right to redeem the property. We disagree.

The defendant County of Rockland acquired title to the subject property, formerly owned by the plaintiff, as a result of the purchase of tax sale certificates arising from the plaintiff's nonpayment of real property taxes for the tax years from 1982 through 1987.

The plaintiff contends that he received notice from the county on or about August 10, 1987, that the property was to be sold at public auction, that the county would give him the right to redeem the property until September 16, 1987, and that, if he failed to redeem, it would be sold at public auction on October 1, 1987. The plaintiff appeared on October 2, 1987, to purchase the property, one day after it had been sold to Jeregon Construction Corp.

Pursuant to RPTL 1010, the plaintiff had one year to redeem the property from the time of purchase of the first tax sale certificate on October 20, 1982. After the plaintiff failed to redeem the property within that one-year period, it was conveyed by the County Treasurer to the county pursuant to RPTL 1018 (1). The plaintiff's argument that pursuant to RPTL 1010, the one-year statutory period did not expire until September 30, 1988, misconstrues the law. Pursuant to RPTL 1008, the county had the right to purchase the property at the tax sale on October 20, 1982, and the county's deed had "the same effect and become absolute in the same time and upon the same condition as in the case of a conveyance to an individual".

When the County Treasurer executed the first deed to the county in 1983, the delivery of the deed constituted presumptive evidence that all prior proceedings had been in accordance with law and regular *(see,* RPTL 1020 [4]). Two years after the date of delivery of the deed, this presumption became conclusive *(see,* RPTL 1020 [4]). Therefore, since 1985 there has been a *conclusive* presumption that the county was the owner of the property. This claim is not subject to attack by the plaintiff *(see, Aversano v Neal,* 130 AD2d 95, 97; *Terramare Dev. v County of Suffolk,* 123 AD2d 317, 318).

It has been held that pursuant to RPTL 1020, an action brought after a conclusive presumption arises is time barred *(see, Bridgehampton Dunes v County of Suffolk,* 137 AD2d 644, 645). Since the conclusive presumption of ownership by the county took effect in 1985, the plaintiff's action, commenced in 1988, is time barred. Jeregon Construction Corp., as the subsequent purchaser from the county, is also entitled to the benefit of this conclusive presumption *(see, Terramare Dev. v County of Suffolk,* 123 AD2d 317, *supra).* The documentary evidence in the record establishes that the plaintiff has lost his right to challenge of tax sale certificates by which the county acquired title to the property and the county's conveyance of the property to Jeregon. Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.