■ MAUREEN MCHUGH et al., Appellants, v CARL M. APPLER et al., Defendants, and COUNTY OF ULSTER et al., Respondents.

—Levine, J. Appeal from that part of an order of the Supreme Court (Bradley, J.), entered February 27, 1990 in Ulster County, which granted a motion by defendant County of Ulster for summary judgment dismissing the complaint.

Plaintiffs purchased a parcel of real property located in the Town of Marlborough, Ulster County, in September 1976. Three years later, the property was sold to defendant County of Ulster for unpaid 1978 taxes and, by deed dated October 1, 1982, the property was formally conveyed to the County by the County Treasurer. That deed was not recorded until October 18, 1984.

In February 1984, the County, apparently by mistake, sent plaintiffs a final notice of the September 1979 tax sale, purportedly offering them a supplemental six-month redemption period. The notice, however, was allegedly sent to an incorrect address and was never received by plaintiffs. Subsequently, in January 1987, the property was sold by the County to defendant Carl M. Appler. According to plaintiffs, they did not learn of that sale until August 1987.

On September 29, 1987, plaintiffs commenced this action pursuant to RPAPL article 15 seeking, *inter alia,* a judgment declaring the original tax sale and the deed from the County to Appler null and void and establishing them as the lawful owners of the property. The County answered, raising various affirmative defenses, including the Statute of Limitations. During the pendency of the action, Appler[1] conveyed the property to defendant Greg Pashall who, after being added as a named defendant, asserted a cross claim against the County. Thereafter, the County moved for summary judgment dismissing plaintiffs' complaint and Pashall's cross claim upon the ground that plaintiffs' action was time barred under RPTL 1020 (4). Supreme Court granted the motion and this appeal by plaintiffs followed.

There should be an affirmance. Pursuant to RPTL 1020 (4), a conveyance by a county treasurer under RPTL 1018 constitutes presumptive evidence that all prior proceedings were regular and in accordance with law. This presumption be-

---

1. Plaintiffs were granted a default judgment against Appler after he failed to appear.

comes conclusive two years after the deed is recorded, and any action to set aside such deed must be commenced prior to that time *(see,* RPTL 1020 [4]). Here, it is undisputed that following the tax sale of September 20, 1979, plaintiffs had three years to redeem the property in accordance with RPTL 1022 (1) (a). Upon plaintiffs' failure to exercise their right of redemption within that period, the property was conveyed by the County Treasurer to the County. On October 18, 1986, two years after the deed to the County was recorded, the presumption of regularity became conclusive. Thus, this action, which was not commenced until September 1987, is clearly time barred *(see, Rodriguez v Peterson,* 163 AD2d 467; *see also, Bridgehampton Dunes v County of Suffolk,* 137 AD2d 644, 645).

In an attempt to avoid the foregoing result, plaintiffs argue that because they are challenging the prior proceedings upon constitutional grounds (i.e., lack of notice), this action should be governed by the five-year Statute of Limitations set forth in RPTL 1020 (3) (c) *(see, Swandiak v Boniface,* 161 AD2d 995, 996; *Aversano v Neal,* 130 AD2d 95, 97). We disagree. While RPTL 1020 (3) applies generally to conveyances by county treasurers in the State, RPTL 1020 (4) is a local or special law which creates an exception to RPTL 1020 (3) for the Counties of Rockland, Orange and Ulster *(see,* McKinney's Cons Laws of NY, Book 1, Statutes, at 574-577; *Bloom v Town Bd.,* 80 AD2d 823, 824, *appeal dismissed* 53 NY2d 938). Since the deed in this case was given in Ulster County, RPTL 1020 (4) prevails over RPTL 1020 (3) and the two-year Statute of Limitations is controlling.[2]

Even assuming, arguendo, that RPTL 1020 (3) is applicable here, plaintiffs were required under that section to commence their action within five years of the expiration of the redemption period, which they failed to do. As discussed previously, the redemption period expired on September 20, 1982, three years from the date of the tax sale. Therefore, at the time plaintiffs commenced this action on September 29, 1987, the five-year period had run. Despite plaintiffs' assertion to the contrary, we are not persuaded that the February 1984 letter from the County Treasurer served to extend this period *(see, County of Orange v Nozkowski,* 140 AD2d 579, 580-581, *lv*

---

2. While we recognize that in *Ulster Sav. Bank v Watson* (168 AD2d 839) the five-year Statute of Limitations set forth in RPTL 1020 (3) was applied by this court in a case involving a deed given in Ulster County, the shorter limitations period contained in RPTL 1020 (4) was not raised on that appeal by any of the parties. Hence, we do not follow that decision in this case.

*denied* 75 NY2d 706). We have examined plaintiffs' remaining contentions and find them to be without merit.

Order affirmed, with costs. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.