■ Leonard Land et al., as Administrators of the Estate of Howard Land, Deceased, Appellants, v County of Ulster et al., Respondents. [605 NYS2d 508] —Casey, J. Appeal from an

order of the Supreme Court (Torraca, J.), entered December 23, 1992 in Ulster County, which denied plaintiffs' motion for summary judgment.

At issue on this appeal is whether the failure of defendant Ulster County Treasurer to issue a tax sale certificate pursuant to RPTL 1006 (2) to defendant County of Ulster as the purchaser of real property at a tax sale invalidates the tax sale. We conclude that in the circumstances of this case the tax sale is valid.

The record establishes that in Ulster County, only the County can purchase at a tax sale and the Treasurer acts as both the seller and buyer. The transaction is effected by bookkeeping entries and a notice issued by the Treasurer which states: "Pursuant to directions given to me by resolution of the Ulster County Legislature * * * I hereby purchase on behalf of Ulster County all the premises listed for the gross amount of the taxes, plus interest, penalties and other charges allowed by law with respect thereto." Strict compliance with RPTL 1006 (2) would require that the County make an actual cash payment of its bid to the Treasurer and that upon such payment the Treasurer issue to the County a certificate describing the parcel purchased, the amount paid thereon and the time when the County will be entitled to a deed. In *Metz v Dorsey* (146 AD2d 845, 846, *lv dismissed* 74 NY2d 714, *lv denied* 77 NY2d 807), this Court applied RPTL 1006 (2) to a county's purchase of property at a tax sale and held that it would be an unnecessary formality to require an actual cash payment from the county treasurer to the county treasurer. We see no reason to reach a different conclusion with regard to the counterpart of RPTL 1006 (2), which appears to require a county treasurer to issue a tax sale certificate to the county treasurer *(but see, Culspar, Inc. v County of Essex,* 119 Misc 2d 4, 7)*. As the seller in this case, the County was already aware of the information to be provided in the certificate and the County held the property for the requisite redemption period fixed by law *(see,* RPTL 1010).

Plaintiffs' alternative argument that the County lacked the authority to purchase the property at a tax sale without competitive bidding is meritless in light of the relevant Ulster County Resolution *(see,* RPTL 1008 [3]) and, therefore, Supreme Court's order should be affirmed.

Crew III and Cardona, JJ., concur.

Yesawich Jr., J. (dissenting). We respectfully dissent and vote to reverse. Because the tax sale proceedings at issue have

as their result the divestiture of title to real property, the technical requirements which govern their conduct must be adhered to strictly *(see, Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378, 389). And this is so whether the purchaser is a county or some other entity.

When a county is the purchaser at a tax sale, its rights to acquire and hold the lands sold are no different from those of any other purchaser *(see, Matter of Elinor Homes Co. v St. Lawrence,* 113 AD2d 25, 31). One of the rights it acquires is to obtain title to the property sold; this title being entirely a creature of statute, however, its validity depends on the satisfaction of the statutory criteria, one of which is that the purchaser must be issued a tax sale certificate. That certificate is significant, for the purchaser's claim to a conveyance, once the period for redemption has expired, turns on the certificate *(see,* RPTL 1018 [3]); implicit in this section is the premise that a purchaser, including the county itself, has no right to a deed unless it holds a valid certificate *(see,* 1945 Opns Atty Gen 284). "Without a tax sale certificate, there cannot be a valid tax sale relative to the properties [sold]" *(Culspar, Inc. v County of Essex,* 119 Misc 2d 4, 7). Had the Legislature intended that a county be permitted to dispense with the requirement of a written tax sale certificate, it would have so dictated.

Unlike the majority, we find *Metz v Dorsey* (146 AD2d 845, *lv dismissed* 74 NY2d 714, *lv denied* 77 NY2d 807) distinguishable. There, it was held that the statute, insofar as it called for "payment" of the bid price to the county treasurer, was substantially complied with by an appropriate bookkeeping entry *(supra,* at 846). That is a far cry from what has occurred here, namely, a total disregard of the explicit statutory mandate that "the county treasurer shall furnish the purchaser with a written certificate" (RPTL 1006 [2]). In *Metz,* this Court simply construed the statute. Here, however, by equating a complete lack of compliance with substantial compliance, the majority is essentially rewriting it, and in the process reading out one of the Legislature's express requirements.

Nor can it be said that the tax certificate does not have some purpose, rendering its absence a mere formality; it protects the taxpayer in that it provides a written record of the date of the sale, from which the redemption period is measured, and of the amount paid for the property, from which the redemption amount is calculated.

Mikoll, J. P., concurs. Ordered that the order is affirmed, without costs.