Lahtinen, J.E
Appeal from an order of the County Court of Rensselaer County (Ceresia, J.), entered April 19, 2013, which denied a motion by Nationstar Mortgage, LLC to relieve it of the terms of an amended judgment of foreclosure.
In 2005, respondent Janet Kingsley (hereinafter respondent) purchased real property in the City of Troy, Rensselaer County and executed a note and mortgage to Lehman Brothers Bank in the amount of $78,320 to help fund the purchase. The mortgage was assigned in January 2008 by Lehman Brothers’ nominee to *1089 Aurora Loan Services, LLC. In June 2008, Aurora commenced a mortgage foreclosure action on respondent’s property. In November 2008, respondent filed a petition in Bankruptcy Court, Arizona District, under chapter 7 of the Bankruptcy Code. Respondent listed the subject property in her petition as having a value of $85,000 and encumbered by a $101,000 secured claim. By order dated March 9, 2009, the Bankruptcy Court granted Aurora’s motion to lift the automatic stay (see 11 USC § 362) permitting the June 2008 foreclosure on respondent’s real property to continue. Aurora obtained a judgment of foreclosure and sale in June 2009 which fixed the amount due on the mortgage at $84,361.96 as of the date of the referee’s report and ordered the referee to sell the property and, among other things, to pay all taxes, assessments and water rates that were liens upon the property from the proceeds of sale. For some reason not set forth in the record, Aurora never completed the foreclosure sale procedure.
On April 15, 2009, petitioner commenced this in rem proceeding to foreclose on respondent’s subject real property for failure to pay property taxes in 2005 and 2006. Lehman Brothers, Lehman Brothers’ nominee and Aurora were mailed a copy of the petition and notice of foreclosure, the statement required by RPTL 1125 (2) (b) and a description of the subject property by first class mail on May 1, 2009 and certified mail on June 1, July 1 and August 1, 2009. Prior thereto, on April 20, 2009, respondent was discharged of her debts by the Bankruptcy Court.
In October 2009, a tax foreclosure amended judgment was entered and the property was conveyed by tax deed to petitioner. Petitioner later transferred the property via a quit claim deed to Tod Ward on June 12, 2012. On June 20, 2012, Nationstar Mortgage, LLC took an assignment of the mortgage from Aurora. In December 2012, Nationstar moved pursuant to CPLR 5015 (a) (4) to be relieved from the October 2009 amended judgment of foreclosure and to have the mortgage lien reinstated. Nationstar asserted that, when petitioner commenced this tax foreclosure proceeding on April 15, 2009, the automatic stay was still in effect with respect to that proceeding and County Court lacked subject matter jurisdiction to issue the subsequent October 2009 amended judgment. County Court denied the motion* and Nationstar appeals.
Where an entity with a purported interest in real property that was subject to a tax sale neglects to challenge the sale in any fashion for two years, a conclusive presumption arises *1090 regarding the procedural regularity of all proceedings regarding the sale (see RPTL 1137; George F. Weaver Sons Co. v Burgess, 7 NY2d 172, 175-177 [1959]; Rodriguez v Peterson, 163 AD2d 467, 468 [1990]; Aversano v Neal, 130 AD2d 95, 97 [1987]; 99 NY Jur 2d, Taxation and Assessment § 697). Although there are narrow exceptions to the conclusive presumption (see e.g. Aversano v Neal, 130 AD2d at 97; 99 NY Jur 2d, Taxation and Assessment § 697), significantly, the Court of Appeals has applied the two-year limitation notwithstanding a jurisdictional defect resulting from a violation of the bankruptcy stay (see George F. Weaver Sons Co. v Burgess, 7 NY2d at 177; see also In re Askew, 312 BR 274 [NJ 2004] [upholding similar result under New Jersey statute after unreasonable delay by mortgagee]). Here, the amended judgment of foreclosure and tax deed transfer occurred in October 2009 and Nationstar did not challenge that action until December 2012, after more than three years had passed. Under the circumstances, as reflected in this record and set forth above, the jurisdictional defect was not of the nature mandating relief under CPLR 5015 (a) (4) (cf. George F. Weaver Sons Co. v Burgess, 7 NY2d at 177) and, accordingly, we affirm.
McCarthy, Garry and Rose, JJ., concur.
Ordered that the order is affirmed, without costs.

 County Court also denied as moot a request by Nationstar to add Ward as a party. The record contains no submissions on behalf of Tod Ward.